■ JANE RUBIN, Respondent, v FIRST AVENUE OWNERS, INC., et al., Defendants, SUSAN ORSINI DESIGN ASSOCIATES, Respondent, and M. C. CONSTRUCTION CORP., Appellant. [618 NYS2d 793] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered June 22, 1993, which dismissed the action against defendant, Susan Orsini Design Associates, and, after a jury verdict, awarded plaintiff $841,500, unanimously affirmed, without costs.

In this action seeking to recover damages for injuries sustained as a result of plaintiff's trip and fall over a 12-inch high planter in the lobby of the apartment building in which plaintiff was a tenant, the trial court properly dismissed the action against the interior designer because there was no evidence that the specifications it provided were faulty.

The damages awarded do not materially deviate from what would be reasonable compensation under the circumstances (CPLR 5501 [c]) in view of the testimony of plaintiff's medical expert with respect to the permanency of her pain, loss of function, nerve damage and deformity, none of which defendants saw fit to challenge by calling their own expert.

We have considered appellant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman and Asch, JJ.

■ SAMSUNG AMERICA, INC., Respondent, v SAM NOAH et al., Appellants. [619 NYS2d 260] —Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered January 6, 1994, which, after nonjury trial, awarded plaintiff the total sum of $113,851.23 under the guaranty agreement, unanimously affirmed, without costs.

A prima facie right to recover under a guaranty agreement is established by showing the execution thereof and a failure to pay in accordance therewith (117-14 Union Turnpike Assocs. v County Dollar Corp., 187 AD2d 357). The court properly found that both requirements had been met, and we perceive no basis for setting aside the determination made by the Trial Judge, who was in the best position to evaluate the credibility of the witnesses and determine the weight to be accorded to the documentary evidence submitted by the parties. Concur—Sullivan, J. P., Ellerin, Kupferman and Asch, JJ.