■ WILLIAM MOORE et al., Respondents, v METRO NORTH COMMUTER RAILROAD et al., Appellants. [650 NYS2d 5] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about January 11, 1996, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of dismissing plaintiffs' claim under Labor Law § 240 (1), and otherwise affirmed, without costs.

Plaintiff's accident, which occurred when his arm was caught between the ceiling of the work site and the top of the aerial basket in which he was working, allegedly because of inadequate and malfunctioning controls, did not involve a fall, or a falling object, and thus the cause of action under Labor Law § 240 (1) should be dismissed (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501). The cause of action under Labor Law § 241 (6) is viable based on the evidence that the up switch of the aerial basket was obstructed by the cable tray plaintiff was installing and was unguarded (12 NYCRR 23-9.6 [b] [1]) and the evidence that the ground controls would not override the basket controls (12 NYCRR 23-9.6 [b] [2]). The cause of action under Labor Law § 200 is viable. Defendants' contract representative testified that he was stationed at the work site, inspected the work on a daily basis, may have kept a daily progress report as of the time of the accident, had the authority to stop the performance of any unsafe work practices

and to order the correction of unsafe work conditions, and prepared a report concerning plaintiff's accident. These facts raise triable issues of fact as to whether defendants supervised the work site (*see, Lombardi v Stout*, 80 NY2d 290, 295). Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.