■ GUILLERMO GARCIA, Appellant, v RENAISSANCE GARDENS ASSOCIATES et al., Respondents and Third-Party Plaintiffs-

Respondents. UNITED CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. [662 NYS2d 260] —Order and judgment (one paper), Supreme Court, New York County (William Davis, J.), entered April 1, 1996, which, insofar as appealed from, dismissed plaintiff's claim under Labor Law § 241 (6) after the close of plaintiff's case, unanimously affirmed, without costs.

Although a violation of 12 NYCRR 23-1.7 (e) may provide the basis for a claim under Labor Law § 241 (6) (*see, e.g., Colucci v Equitable Life Assur. Socy.*, 218 AD2d 513), the trial court correctly held that that provision of the Industrial Code has no application to the facts of this case, which involve a hazard that arose from an integral part of the work plaintiff was performing (*see, Adams v Glass Fab*, 212 AD2d 972; *cf., Lenard v 1251 Ams. Assocs.*, 241 AD2d 391). In particular, plaintiff's injury resulted from the sudden exposure to sharp edges of beams that broke loose from a plastic strap while he was carrying the beams; the injury was not caused by an "accumulation" of "[s]harp projections" in a "passageway" or "[w]orking area" (12 NYCRR 23-1.7 [e]). Plaintiff's contention that the trial court erred in excluding his expert's testimony is rendered academic by the inapplicability of the Industrial Code. Concur—Murphy, P. J., Sullivan, Ellerin and Williams, JJ.