■ KEVIN MURPHY, Appellant, v BROADWAY 48-49TH STREET ASSOCIATES et al., Respondents and Third-Party Plaintiffs-Respondents. GORDON H. SMITH CORPORATION et al., Third-Party Defendants-Respondents. [668 NYS2d 25] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 8, 1996, dismissing the complaint, and bringing up for review a ruling of the trial court which, in an action by plaintiff laborer against defendants owner and general contractor for injuries sustained at a construction site, insofar as appealed from as limited by plaintiff's brief, awarded defendants judgment at the close of plaintiff's case for failure

to make out a prima facie case under Labor Law § 240 (1) or § 241 (6), unanimously affirmed, without costs.

The descending material hoist that struck plaintiff as he was leaning out of a window to inspect leaks in a curtain wall was not, as a matter of law, a falling object that was improperly or inadequately secured (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Certainly there was no showing that plaintiff would not have sustained the injuries he did had a harness to prevent him from falling while leaning out of the window, or some other safety device specified in Labor Law § 240 (1) been provided. Accordingly, plaintiff's Labor Law § 240 (1) claim was properly dismissed (*cf., Moore v Metro N. Commuter R. R.*, 233 AD2d 192; *Merkle v Weibrecht*, 234 AD2d 696, *lv denied* 89 NY2d 813). Nor did plaintiff show a viable claim under Labor Law § 241 (6) based on 12 NYCRR 23-6.3 (c) (3) (iii), requiring a partition between a "floor, roof, scaffold platform or other work surface or position" and a moving material hoist that comes within eight feet thereof, absent expert testimony or proof of industry standards that the curtain wall was a "platform" or "work surface" that should have been partitioned from the path of the hoist, or otherwise showing the applicability of this regulation. We have considered plaintiff's other claims and find them to be without merit. Concur—Rosenberger, J. P., Williams, Andrias and Colabella, JJ.