■ ROSE ROUX, Respondent, v SAL CAIOLA et al., Appellants. [679 NYS2d 53] —Judgment, Supreme Court, New York County (Richard Lowe, III, J., and a jury), entered October 21, 1997, awarding plaintiff damages of $150,000 for past pain and suffering, $82,000 for past medical expenses, $250,000 for future home attendant services and $250,000 for future pain and suffering over a ten year period, plus interest, costs and disbursements, unanimously affirmed, without costs.

Plaintiff's expert witness did not usurp the function of the court when he referred to the Multiple Dwelling Law and the Building Code in support of his opinion that a single step stair is inherently dangerous and a deviation from good and accepted building practice (Multiple Dwelling Law § 52 [1]; Administrative Code of City of NY § 27-375 [d] [2]; § 27-369 [e]). Courts regularly permit expert testimony on the question of whether a certain condition or omission was in violation of a statute or regulation (*see, Dufel v Green*, 84 NY2d 795; *see also, Murphy v Broadway 48-49th St. Assocs.*, 246 AD2d 392; *Redcross v State of New York*, 241 AD2d 787, 789-790, *lv denied* 91 NY2d 801; *Rodriguez v City of New York*, 189 AD2d 166, 170-171; *Portilla v Rodriguez*, 179 AD2d 631). There is no merit to defendants' contention that the expert was actually testifying as to the meaning and applicability of the law (*compare, Rodriguez v New York City Hous. Auth.*, 209 AD2d 260). The awards for future home attendant services and for past and future pain and suffering do not deviate materially from what is reasonable compensation under the circumstances, and we note defendants' failure to contravene plaintiff's medical evidence with expert evidence of their own (*see, Rubin v First Ave. Owners*, 209 AD2d 367). We have considered defendants' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.