■ GARY WEGNER et al., Appellants, v STATE STREET BANK & TRUST COMPANY OF CONNECTICUT NATIONAL ASSOCIATION et al., Respondents. [748 NYS2d 150] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered June 13, 2001, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This action is for personal injury sustained when plaintiff tripped over either a prong or leg of a pallet jack while steadying a cabinet, and twisted his back. The Labor Law § 240 (1) claim was properly dismissed because plaintiff's injury was not the result of an elevation-related risk. As is evident from plaintiff's own testimony, he was not performing work involving a significant physical change to the configuration or composition of the building so as to constitute an alteration (*see Joblon v Solow*, 91 NY2d 457, 465). The Labor Law § 241 (6) claim was properly dismissed because plaintiff failed to rebut, by submission of an expert affidavit or other proof of industry standards, defendants' showing that 12 NYCRR 23-1.27 (d), requiring the immediate blocking or cribbing of an object once raised to a desired height by a jack, and 12 NYCRR 23-1.28 (a), requiring safe maintenance of hand-propelled vehicles, have no application to pallet jacks (*see Murphy v Broadway 48-49th St. Assoc.*, 246 AD2d 392; *McCormack v Helmsley-Spear, Inc.*, 233 AD2d 203). Moreover, section 23-1.28 (a) is a general directive that cannot serve as a predicate for liability under Labor Law § 241 (6) (*see Maldonado v Townsend Ave. Enters.*, 294 AD2d 207, 208). We have considered plaintiffs' other contentions regarding the applicability of other Industrial Code sections to the Labor Law § 241 (6) cause of action and find them to be unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan and Rubin, JJ.