■ GEORGE A. MCKENNA, JR., et al., Appellants, v LEHRER MCGOVERN BOVIS, INC., Defendant and Third-Party Plaintiff-

Respondent. DONALDSON ACOUSTICS, Co., INC., Third-Party Defendant-Appellant. [756 NYS2d 181] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about March 15, 2001, which, in an action for personal injuries by a laborer against a construction manager, after a jury trial ending in a verdict awarding plaintiff damages for past and future lost earnings but no damages for past and future pain and suffering, granted defendant's motion to set aside the verdict as compromised and for judgment as a matter of law on its third-party claim against plaintiff's employer for contractual indemnification, unanimously modified, on the law, to vacate the award of judgment in defendant's favor on the contractual indemnification claim, and otherwise affirmed, without costs.

A trade-off on a finding of liability in return for a compromise on damages is strongly indicated by a verdict that awarded nothing for pain and suffering while simultaneously finding, as indicated by the substantial awards for lost earnings, that the accident caused a serious injury (*see Patrick v New York Bus Serv.*, 189 AD2d 611 [1993]). Since a new trial must be held (*see id.*), it is not necessary to decide whether the trial court should have granted plaintiff's motion for additur, or whether the award for future lost earnings was against the weight of the evidence.

Assuming a Labor Law § 241 (6) claim can be based on a violation of 12 NYCRR 23-5.18 (h) (*see Robertson v Little Rapids Corp.*, 277 AD2d 560, 562 [3d Dept 2000]), which requires that mobile scaffolds be moved only on unobstructed level surfaces, the trial court correctly held such provision inapplicable here since the steam pipes that allegedly obstructed the surface on which plaintiff was injured were an integral part of the construction (*see Isola v JWP Forest Elec. Corp.*, 262 AD2d 95 [1999], *lv dismissed* 94 NY2d 797 [1999]; *Vieira v Tishman Constr. Corp.*, 255 AD2d 235 [1998]). Moreover, the record establishes that plaintiff was injured not because the surface on which he was moving the scaffold was obstructed, but because he slipped on debris that had been left on the floor in violation of 12 NYCRR 23-1.7 (e) (2). In view of the foregoing, plaintiff's claim that the trial court erred in limiting his expert's testimony regarding section 23-5.18 (h) is academic (*see Garcia v Renaissance Gardens Assoc.*, 242 AD2d 463 [1997]).

With respect to the third-party claim, defendant sufficiently established for purposes of the best evidence rule that its lost contract with plaintiff's employer contained an indemnification provision in all essential respects the same as that contained

in defendant's contracts with other subcontractors (*see Schozer v William Penn Life Ins.*, 84 NY2d 639, 644, 645-646 [1994]). However, the award of judgment in defendant's favor was premature since, at the new trial, there is a possibility that defendant will be found negligent, and thus precluded from recovering indemnification by General Obligations Law § 5-322.1 (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179-180 [1990]).

We have considered the other points raised on the appeal and decline to address them in view of the new trial to be held, or for lack of an adequate record. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Marlow, JJ.