■ VAN VASILIADES, Respondent, v LEHRER MCGOVERN & BOVIS, INC., et al., Appellants. BOVIS LEND LEASE LMB, INC., Sued Herein as LEHRER MCGOVERN & BOVIS, INC., et al., Third-Party Plaintiffs-Appellants-Respondents, v L.K. COMSTOCK AND CO., INC., Third-Party Defendant, and GENERAL INDUSTRIAL SERVICE CORP., Also Known as GENERAL DEMOLITION, Third-Party Defendant-Respondent-Appellant. [771 NYS2d 27]—

Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about April 3, 2003, which, to the extent appealed, granted plaintiff partial summary judgment on the issue of liability under Labor Law § 240 (1), denied the cross motion of defendants and third-party plaintiffs for summary judgment to dismiss the Labor Law § 240 (1) cause of action and for summary judgment on their claims for contractual indemnification against third-party defendant General Industrial Service Corp. also known as General Demolition (General), and declined to grant summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against defendant Bovis Lend Lease LMB, Inc., sued herein as Lehrer McGovern & Bovis, Inc. (Bovis), unanimously reversed, on the law, without costs, plaintiff's claims for common-law negligence and under Labor Law §§ 200 and 240 (1) dismissed in their entirety, and summary judgment on defendants and third-party plaintiffs' claims for contractual indemnification against General granted.

Plaintiff, an electrician employed by third-party defendant L.K. Comstock and Co., Inc. (Comstock), allegedly sustained

personal injuries while working on a restoration project for which Bovis was the general contractor and defendant and third-party plaintiff Jones Long LaSalle Americas, Inc. (Jones Long) was the project manager. Specifically, plaintiff claims that, in order to carry out his employer's directive to install temporary lighting along a ceiling, he set up an eight-foot A-frame ladder. As plaintiff grabbed the ladder with his right hand and placed his right foot on the first rung, and while his left foot was still on the floor, the ladder slid out from under him, and he fell into a pile of rubble. Plaintiff believed that the ladder, which lacked anti-skid footing but was otherwise in perfect condition, slipped because demolition workers, employed by General, had wet down the debris on the glazed tile floor. Plaintiff commenced this action against Bovis and Jones Long for common-law negligence and violations of Labor Law §§ 200 and 240 (1); plaintiff also asserted a cause of action under Labor Law § 241 (6), which is not at issue on appeal. Defendants commenced a third-party action against Comstock and General.

The protections of Labor Law § 240 (1) "do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [emphasis omitted]), and the accident at issue "was not attributable to the kind of extraordinary elevation-related risk that the statute was intended to guard against" (*Sihly v New York City Tr. Auth.*, 282 AD2d 337 [2001], *lv denied* 96 NY2d 897 [2001]). Plaintiff did not fall from the ladder, but rather was still on the ground and slipped due to a wet floor. Thus, Labor Law § 240 (1) is inapplicable, since the statute was designed to protect workers "from harm directly flowing from the application of the force of gravity to an object or person" and the "right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate, malfunctioning or defectively designed [safety device]" (*Ross*, 81 NY2d at 501 [emphasis omitted]). The cases relied on by the IAS court in reaching its decision are distinguishable, since they involved falls from a height (*see e.g. Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381 [1996] [plaintiff fell 16 feet]) or injuries sustained while the plaintiffs prevented themselves from falling completely off an elevated platform (*see e.g. Pesca v City of New York*, 298 AD2d 292 [2002]).

The common-law negligence and Labor Law § 200 claims as against Bovis also should have been dismissed, since the undisputed evidence established that Bovis did not direct or control plaintiff's work, and Bovis's general supervision and

coordination of the worksite was insufficient to trigger liability (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 218-221 [2003], *lv denied* 100 NY2d 508 [2003]). Unlike *Rizzuto v Wenger Contr. Co.* (91 NY2d 343, 352-353 [1998]), cited by the IAS court, there is no evidence in the instant case that Bovis was able to condition access to construction areas, and thus there is no issue whether Bovis's general supervision and coordination rose to the level of control necessary to hold it liable.

Even though the parties apparently lost the written contract between Bovis and General, the affidavit of a Bovis officer with personal knowledge of the existence of the contract and the specific provisions of its indemnification clause was sufficient to warrant summary judgment on the third-party claims for contractual indemnification against General, particularly since General has not denied the existence of the contract or the terms as related by Bovis (*see McKenna v Lehrer McGovern Bovis*, 302 AD2d 329 [2003]). Concur—Buckley, P.J., Andrias, Saxe, Williams and Gonzalez, JJ.