■ JOHN T. BRENNAN, Respondent, v 42ND STREET DEVELOPMENT PROJECT, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. M. O'CONNOR CONTRACTING CORP., Third-Party Defendant-Respondent. (And Another Action.) [781 NYS2d 335]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 4, 2004, which, to the extent appealed from as limited by the briefs, denied so much of defendants' motion for summary judgment as sought dismissal of plaintiff's Labor Law § 200 cause of action as against Bovis and so much of the motion as sought summary judgment on their contractual indemnification claims against third-party defendant M. O'Connor Contracting Corp., affirmed, without costs.

Bovis's project engineer testified that Bovis had a representative of its own safety department on site whose duty was to observe the contractors and make sure they complied with all safety regulations mandated by the City of New York. If a contractor was not in compliance and failed to correct the situation after being informed by Bovis, Bovis could withhold the contractor's monthly payments. The safety representative coordinated weekly safety meetings, which all job site foremen were required to attend. The safety representative also observed the workers to make sure they complied with safety manuals and regulations, and had the authority to stop unsafe work practices by trade employees. The motion court correctly found that this evidence raises triable issues of fact as to whether Bovis supervised the work site (see *Moore v Metro N. Commuter R.R.*, 233 AD2d 192 [1996]).

In view of the court's determination that Bovis did not establish as a matter of law that it was free from negligence, the court properly denied Bovis's motion for summary judgment on its claim for contractual indemnification against third-party de-

fendant M. O'Connor (*cf. Warnett v A.J. Pegno Constr. Corp.*, 1 AD3d 207, 208 [2003]). Concur—Tom, J.P., Mazzarelli, Ellerin and Lerner, JJ.

Andrias, J., dissents in a memorandum as follows: I would reverse and grant so much of the motion of defendant and third-party plaintiff-appellant, Lehrer McGovern Bovis, Inc., now known as Bovis Lend Lease LMB, Inc. (Bovis) and defendant and third-party plaintiff-appellant, 42nd Street Development Project, Inc., as sought summary judgment dismissing plaintiff's cause of action against Bovis pursuant to Labor Law § 200 and sought summary judgment on their third-party claims for contractual indemnification against third-party defendant, M. O'Connor Contracting Corp.

It is undisputed that there was no general contractor on the project and that Bovis, as the construction manager, had the general duty to coordinate the various trades involved in the construction work at the site, to make sure that the trades were completing the work that they were scheduled to do and to oversee site safety, and had the authority to stop unsafe work practices by any of the trades. However, it is well settled that such responsibility to oversee site safety, including its authority to stop unsafe work practices by any of the trades, did not rise to the level of supervision and control necessary to hold it liable under Labor Law § 200 (*see Vasiliades v Lehrer McGovern & Bovis*, 3 AD3d 400, 401-402 [2004]; *Dalanna v City of New York*, 308 AD2d 400, 400 [2003]).

In light of the foregoing and the motion court's finding that 42nd Street was not negligent, Bovis and 42nd Street are entitled to indemnification from O'Connor pursuant to the terms of its contract with 42nd Street Development Project, Inc.