■ Luis R. Paulino et al., Appellants, v Hearts Service Company, Inc., Defendant, and J.E. Levine Builder, Inc., Respondent. (And a Third-Party Action.) [814 NYS2d 62]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered October 25, 2004, which, to the extent appealed from, granted defendant J.E. Levine Builder's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for partial summary judgment as to liability on their Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Section 240 (1) does not apply to this accident because the falling window that caused the injury, while "clearly a general hazard of the workplace," was "not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-269 [2001]).

As to plaintiffs' Labor Law § 200 and common-law negligence claims, Levine Builder established that it did not supervise or control the work of the subcontractors (*see Vasiliades v Lehrer McGovern & Bovis*, 3 AD3d 400, 401-402 [2004]), and that it had no notice of any dangerous condition posed by the window (*see Mitchell v New York Univ.*, 12 AD3d 200, 201 [2004]). Plaintiffs failed to raise an issue of fact as to these elements. Concur—Saxe, J.P., Nardelli, Williams, Catterson and Malone, JJ.