■ MICHAEL HURLEY, Plaintiff, v BEST BUY STORES, L.P., et al., Defendants. SCHIMENTI CONSTRUCTION COMPANY, LLC, Third-Party Plaintiff-Respondent, v SAGE ELECTRICAL CONTRACTING, INC., Third-Party Defendant-Appellant. BEST BUY STORES, L.P., et al., Second Third-Party Plaintiffs-Respondents, v SAGE ELECTRICAL CONTRACTING, INC., Second Third-Party Defendant-Appellant. [868 NYS2d 657]—

The contractual indemnification provision, which applies to claims "arising out of or in consequence" of performance by Sage of its work on the project, is broad enough to apply here, where plaintiff was injured while performing electrical work for Sage on the project (*see Urbina v 26 Ct. St. Assoc., LLC*, 46 AD3d 268 [2007]). However, defendants never moved for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action against them, or otherwise established their freedom from negligence as a matter of law (*see Brennan v 42nd St. Dev. Project, Inc.*, 10 AD3d 302 [2004]). Since there is a possibility plaintiff could prevail on a theory of

negligent coordination of demolition and electrical projects that resulted in a dangerous condition allowing a lighting fixture to swing down and hit plaintiff, the grant of summary judgment on the indemnification claims was premature (*see McKenna v Lehrer McGovern Bovis*, 302 AD2d 329, 331 [2003]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ. [*See* 2008 NY Slip Op 30003(U).]