◼ RAMONA ULERIO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [895 NYS2d 354]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter Jr., J.), entered May 29, 2008, after a jury trial, to the extent appealed from as limited by the brief, awarding plaintiff $381,322 for future medical expenses, $441,163 for future custodial care, and $214,318 for future rehabilitation services over a period of 20 years, unanimously affirmed, without costs.

Plaintiff fell after catching her foot on a stairway while descending from an elevated subway station. The injury to her back caused continuous debilitating pain that was not relieved by two surgeries, physical therapy, narcotic pain medication and epidural injections. This pain prevented her from engaging in everyday activities with her children and daily household tasks.

The damages awarded do not materially deviate from what would be reasonable compensation under the circumstances (CPLR 5501 [c]). The testimony of the plaintiff's doctors and economist was sufficient to support the damages awarded (*see generally Serrano v 432 Park S. Realty Co., LLC*, 59 AD3d 242, 243 [2009], *lv denied* 13 NY3d 711 [2009]), particularly since defendant offered no expert testimony to counter that of the economist (*see Rubin v First Ave. Owners*, 209 AD2d 367 [1994]). The award for future rehabilitative services was proper even though plaintiff had discontinued physical therapy, in view of her explanation that she had stopped because she could no longer afford it (*see Reed v City of New York*, 304 AD2d 1, 8 [2003], *lv denied* 100 NY2d 503 [2003]). The awards for custodial or home care services and future medical expenses were not excessive, in light of the doctors' testimony that plaintiff had failed-back syndrome and would require home care assistance notwithstanding future surgeries, pain medication and injections, and physical therapy; such treatments might prevent further deterioration but would not cure her condition (*see Kihl v Pfeffer*, 47 AD3d 154, 161-162 [2007]; *cf. Schultz v Harrison Radiator Div. Gen. Motors Corp.*, 90 NY2d 311, 320-321 [1997]). Concur—Friedman, J.P., Catterson, Acosta, DeGrasse and Abdus-Salaam, JJ.