■ JOEL GARCIA, Respondent-Appellant, v 95 WALL ASSOCIATES, LLC, et al., Appellants-Respondents. (And a Third-Party Action.) [983 NYS2d 237]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered April 25, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment to the extent of dismissing that portion of plaintiff's Labor Law § 241 (6) claim predicated on the alleged violation of Industrial Code (12 NYCRR) § 23-1.28 (a), and denied the motion as to the claim predicated on 12 NYCRR 23-1.28 (b), unanimously reversed, on the law, without costs, the motion denied as to the claim predicated on 12 NYCRR 23-1.28 (a), and granted as to the claim predicated on 12 NYCRR 23-1.28 (b).

Although the first sentence of Industrial Code (12 NYCRR) § 23-1.28 (a), requiring hand-propelled vehicles to be maintained in good repair, is a general directive that cannot serve as a predicate for liability under Labor Law § 241 (6) (*see Wegner v State St. Bank & Trust Co. of Conn. Natl. Assn.*, 298 AD2d 211, 212 [1st Dept 2002]), the second sentence of 12 NYCRR 23-1.28 (a), providing "[h]and-propelled vehicles having damaged handles or any loose parts shall not be used," sets forth a sufficiently specific, positive command, the violation of which may serve as a predicate for plaintiff's cause of action pursuant to Labor Law § 241 (6) (*see Brasch v Yonkers Constr. Co.*, 306 AD2d 508, 509 [2d Dept 2003]; *Gray v Balling Constr. Co.*, 239 AD2d 913, 914 [4th Dept 1997]).

Defendants demonstrated that 12 NYCRR 23-1.28 (b), which provides that the "[w]heels of hand-propelled vehicles shall be maintained free-running and well secured to the frames of the vehicles," is inapplicable. Among other things, plaintiff's own deposition testimony, established that the subject accident was not caused by a defect in the cart's wheels (*see Picchione v Sweet Constr. Corp.*, 60 AD3d 510, 512 [1st Dept 2009]). Rather, plaintiff claimed that he was pushing an empty cart down a wooden ramp when the left handle came loose, fell through the

sleeve and jammed into the ramp, causing the cart to come to an abrupt stop and plaintiff to flip onto the cart. Concur— Friedman, J.P., Renwick, Moskowitz, Richter and Feinman, JJ.