Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered June 4, 2013, which, to the extent appealed from, denied that part of the motion of defendant Riverbay Corporation (Riverbay) for summary judgment dismissing the Labor Law § 241 (6) claim under Industrial Code (12 NYCRR) § 23-1.7 (e) (1), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Riverbay dismissing the complaint as against it.
The record demonstrates that there is no triable issue of fact as to whether the proximate cause of plaintiff’s injury was a tripping hazard within a passageway (see 12 NYCRR 23-1.7 [e] [1]). Plaintiffs testimony and affidavit showed that his accident occurred when his jacket pocket caught on a doorknob, which *522 caused him to “jerk[ ]back” and lose his balance and dislodged the roll of tar paper that had been holding the door open, allowing the door to close on his finger. Although plaintiff also testified that he tripped on the roll, this took place only after the roll had fallen from its original position propped against the door. There is no evidence that the roll was an obstruction or tripping hazard in its original position, and thus, plaintiff’s injury was not caused by any violation of 12 NYCRR 23-1.7 (e) (1) (see Garcia v Renaissance Gardens Assoc., 242 AD2d 463, 464 [1st Dept 1997]; see also Brown v New York City Economic Dev. Corp., 234 AD2d 33, 34 [1st Dept 1996]).
Concur—Tom, J.E, Acosta, Moskowitz, Gische and Clark, JJ.