Mooney v BP/CG Ctr. II, LLC (2020 NY Slip Op 00246)





Mooney v BP/CG Ctr. II, LLC


2020 NY Slip Op 00246


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


153483/13 10778A 590086/14 590176/14 595070/15 10778

[*1] Brian Mooney, Plaintiff-Appellant,
v
BP/CG Center II, LLC, et al., Defendants-Respondents.
Structure Tone, Inc., Third-Party Plaintiff-Respondent,
v
Furniture Consulting, Inc., Third-Party Defendant-Respondent.
Structure Tone, Inc., Second Third-Party Plaintiff-Respondent,
v
Steelcase, Inc., Second Third-Party Defendant-Respondent. 
[And A Fourth-Party Action]


Napoli Shkolnik, PLLC, New York (Joseph P. Napoli of counsel), for appellant.
Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for BP/CG Center II, LLC, Citigroup, Inc. and Structure Tone, Inc., respondents.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for Furniture Consulting, Inc., respondent.
Connell Foley LLP, New York (Abigail Rossman of counsel), for Steelcase, Inc., respondent.



Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered October 12, 2017, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 15, 2017, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendants are not liable under Labor Law § 200 or in common-law negligence for injuries plaintiff suffered when he knelt on a screw lying on the floor of the construction site where he was installing cabinets. The record demonstrates that defendants neither created or had notice of the condition of the floor nor exercised control over the manner and means of plaintiff's work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). Plaintiff testified that the work area was clean at the time of the incident and that he had looked but not seen the screw before kneeling on it.
Nor are defendants liable under Labor Law § 241(6). Plaintiff cites as the predicate for this claim a violation of Industrial Code (12 NYCRR) § 23-1.7(e)(1) or (e)(2). However, the single screw upon which he knelt does not constitute an "accumulation[] of dirt and debris" (12 NYCRR 23-1.7[e][1]; see Garcia v Renaissance Gardens Assoc., 242 AD2d 463 [1st Dept 1997]). Additionally, construing the term "sharp projections" as used in 12 NYCRR 23-1.7(e)(2) broadly (see Lenard v 1251 Ams. Assoc., 241 AD2d 391, 393-394 [1st Dept 1997], appeal withdrawn 90 NY2d 937 [1997]), the single screw does not constitute a sharp projection. It did not project from the floor, and it was not sharp in the sense of being "clearly defined or distinct" (id. at 393); cf. Canning v Barney's N.Y., 289 AD2d 32, 34-35 [1st Dept 2001] [loop of wire projecting about 18 inches from wheel of debris-containing dumpster in which it had become entangled constituted accumulated debris]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK