# Calderon v Gilbane Residential Constr., LLC

2024 NY Slip Op 32299(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 153700/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. PAUL A. GOETZ                    PART                        47
                                   *Justice*

------------------------------------------------------------------------X   INDEX NO.          153700/2020

LUCIO LARA CALDERON,

                                   Plaintiff,         MOTION DATE    02/19/2024,
                                                                    04/03/2024

                  - v -                              MOTION SEQ. NO.      003 004

GILBANE RESIDENTIAL CONSTRUCTION, LLC.,
GOTHAM DRYWALL INC.                                  **DECISION + ORDER ON
                                                            MOTION**
                                   Defendants.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94

were read on this motion to/for _____SUMMARY JUDGMENT (AFTER JOINDER)_____.

   In this labor law personal injury action arising from plaintiff's fall from stilts, plaintiff moves to amend his bill of particulars to add an allegation that defendants' violation of Industrial Code § 23-1.30 caused his damages; for summary judgment pursuant to CPLR § 3212 on the issue of defendants' liability on his Labor Law § 241(6) claim; and directing an order that as to liability in this matter, the only issue is plaintiff's comparative negligence, if any (MS #3). Defendants move for summary judgment dismissing plaintiff's complaint or his individual causes of action for common law negligence and violations of Labor Law §§ 240(1), 200, and 241(6) (MS #4).

## BACKGROUND

   Monty Two East 86th Street Associates LLC and Monty Three East 86th Street Associates LLC collectively own the building located at 155 East 86th Street, New York, NY 10028 (the

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**            **Page 1 of 14**
**Motion No.  003 004**

1 of 14

premises). Pursuant to a construction management agreement, Gilbane Residential Construction LLC (Gilbane) was hired as the general contractor for a construction project to develop a luxury residential condominium (NYSCEF Doc No 71). Gilbane hired Gotham Drywall Inc. (Gotham) as a subcontractor to complete all drywall and carpentry work required for the project (NYSCEF Doc No 73) and Gotham, in turn, sub-contracted with plaintiff's employer, Atlantic Contracting of Yonkers Inc. (Atlantic).

Plaintiff was employed as a carpenter; specifically, he performed metal framing work (NYSCEF Doc No 68, 20:3-21:6). He began working with Atlantic in 2016 (*id.*, 36:20-37:3), and over the two and a half years of his employment, he used stilts daily (*id.*, 51:8-12). On January 28, 2019, plaintiff arrived at the premises, where he had been working for several months (*id.*, 53:22-54:10). His task that day was to install wooden boxes inside the framing of the windows on the tenth floor of the premises (*id.*, 54:24-55:18, 58:7-8). Plaintiff was instructed by a man named Brendan[1] to use stilts to reach the windows, which were several feet higher than he could reach on his own but did not quite extend to the ceiling (*id.*, 80:5-83:13); he adjusted them to a height of three to four feet (*id.*, 127:2-20). After plaintiff completed his work on one of the windows, he walked—still on his stilts[2]—towards a hallway to get to another window that needed framing (*id.*, 102:17103:5). Though the area closest to the window he had finished working on was sufficiently lit, it became "very dark" as he approached the hallway, which lacked any artificial lights (*id.*, 96:21-99:15, 101:16-19). High up and in the dark, plaintiff failed to notice that there were metal rods[3] on the ground, protruding from the bottom of the wall (*id.*,

---

[1] Plaintiff testified that Brendan White, a foreman for Gotham, "authorized the work" and gave the instructions, but that they were translated from English to Spanish for him by Miguel Gonzalez, a foreman for Atlantic (*id.*, 56:15-58:3, 80:8-23; NYSCEF Doc No 70, 52:12-53:2; NYSCEF Doc No 72, 74:7-15).

[2] It was common practice to wear stilts throughout a shift, only removing them for lunch time (*id.*, 109:11-110:25).

[3] The function, if any, of the metal rods is unclear. William Glynn, a Gilbane representative, speculated that they might be related to the electrical box on the wall above, but stated that he had "never seen anything like that before" and did not know their purpose (NYSCEF Doc No 60, 70:20-72:15).

**153700/2020  LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

Page 2 of 14

101:16-25).[4] Plaintiff tripped over the metal rods and fell (*id.*, 111:6-21). His right knee took most of the impact and he hit his head (in a hardhat) against the wall, and later felt pain in his lower back, as well (*id.*, 154:5-155:25).

Plaintiff asserts causes of action for: (1) common law negligence; (2) violation of Labor Law § 200; (3) violation of Labor Law § 240(1); and (4) violation of Labor Law § 241(6) (NYSCEF Doc No 28). In his bill of particulars, plaintiff bases his Labor Law § 241(6) claim on violations of NYS Industrial Code §§ 23-1.7(d), 23-1.7(e)(1), 23-1.7(e)(2), 23-5.22(a), 23-5.22(d), 23-5.22(e), and 23-5.22(f) (NYSCEF Doc No 67).

**DISCUSSION**

<u>Amend Bill of Particulars</u>

Plaintiff moves for leave to amend his bill of particulars to add an allegation that defendants' violation of Industrial Code § 23-1.30 caused his accident. Plaintiff argues that the original bill of particulars and parts of plaintiff's testimony put defendants on notice of his claim of insufficient illumination, and that permitting the amendment would not cause defendants any prejudice. Defendants argue that they were not on notice of plaintiff's intent to claim insufficient illumination because plaintiff alleged seven different Industrial Code violations, none of which included § 23-1.30. They also argue that the proposed amendment would be prejudicial to them because the bill of particulars was served two and a half years ago, discovery was completed, and the note of issue was filed without defendants knowing this issue would be raised. They also assert that no extraordinary circumstances have been shown warranting this late amendment. Plaintiff replies that there is no need to show extraordinary circumstances here, as the note of issue was filed only three weeks prior to his filing the motion.

---

[4] Plaintiff explained that "when you're working on stilts you're not supposed to look down because you can get dizzy and fall" (*id.*, 104:20-105:6).

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**                    **Page 3 of 14**
**Motion No.  003 004**

A plaintiff will be permitted to amend his bill of particulars, "even where a note of issue has been filed" (*Walker v Metro-North Commuter R.R.*, 11 AD3d 229, 341 [1st Dept 2004]), to include additional Industrial Code violations where "[t]he plaintiff's belated identification of these sections entails no new factual allegations, raises no new theories of liability, and results in no prejudice to the defendant" (*Harris v City of New York*, 83 AD3d 104, 111 [1st Dept 2011]). Here, the original bill of particulars included allegations that defendants "fail[ed] to provide adequate lighting conditions at the location of the accident" and that "the accident was caused by the inadequate lighting conditions" (NYSCEF Doc No 67, ¶¶ 5, 12). Thus, plaintiff had already established his theory of liability based on inadequate lighting, and he does not seek to offer any new factual allegations regarding same (*Snowden v New York City Transit Auth.*, 248 AD2d 235, 236 [1st Dept 1998] ["no facts in addition to those alleged in plaintiff's complaint or bill of particulars, or inquired into at his deposition, are or need be alleged to make out [the proposed Industrial Code] violation"]). Since defendants had notice of plaintiff's allegations regarding the lighting as of October 15, 2021, when the original bill of particulars was served, there is no prejudice in allowing plaintiff to amend his bill of particulars to include the Industrial Code provisions on which he intends to rely. Additionally, there is no requirement that plaintiff show extraordinary circumstances warranting leave to amend his bill of particulars; rather, "[i]n keeping with our policy that, in the absence of prejudice or unfair surprise, requests for leave to amend should be granted freely, [it has been] held that it is improper for a court to dismiss a Labor Law § 241 (6) claim merely because the Code violation was not set forth in the initial pleadings" (*Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 232 [1st Dept 2000] [internal citation omitted]). Accordingly, the part of plaintiff's motion seeking leave to amend his bill of particulars to include an Industrial Code § 23-1.30 violation will be granted.

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

Page 4 of 14

4 of 14

[* 4]

Summary Judgment

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

    i.       *Labor Law § 200 and Common Law Negligence*

Defendants move for summary judgment dismissing plaintiff's negligence and Labor Law § 200 causes of action, arguing that they did not have control over plaintiff's work, which

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

**Page 5 of 14**

5 of 14

was directed by his employer, Atlantic, nor did they create or have notice of the alleged hazardous condition. Plaintiff concedes that he cannot maintain these causes of action as against Gilbane but maintains that there are at least issues of fact as to Gotham's control over plaintiff's work, as evidenced by plaintiff's testimony that he received his directions from Brendan White, a foreman for Gotham.

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). It provides, in relevant part: "All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places" (Labor Law § 200[1]). "In order to prevail on such a claim, a plaintiff must prove that the party so charged had authority or control over the activity causing the injury, thus enabling it to avoid or correct an unsafe condition" (*O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [1st Dept 2006]; *Jackson v Hunter Roberts Constr., L.L.C.*, 205 AD3d 542, 543 [1st Dept 2022] [a contractor will not be held liable unless it had "authority to supervise or control the means and methods of plaintiff's work"]).

Issues of fact remain as to whether Gotham had authority or control over plaintiff's work. As plaintiff repeatedly stated in his deposition, he received instructions from Brendan White[5] of Gotham, though they were translated through Miguel of Atlantic (NYSCEF Doc No 68, 56:17-58:3 ["the main boss, the one at the top, was Brendan. He was the one who authorized the work [and] was there" when the accident occurred], 69:23-70:5 ["The orders were given by Brendan"],

---

[5] References to "Brandon" in the transcript have been replaced with White's correct first name, Brendan.

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**                    **Page 6 of 14**
**Motion No.  003 004**

77:4-78:3 ["Brendan was the one that authorized them to give me the stilts because he wanted me to work on heights . . . He was the one that told me that I had to wear them"]). Moreover, Brendan White testified that, had he noticed Atlantic employees performing their work in an unsafe manner, he would have the authority to correct the work (NYCEF Doc No 72, 35:4-17); he was also the one to fill out plaintiff's C-2 form for the Workers Compensation Board (NYSCEF Doc No 75) (*Moore v Metro N. Commuter R.R.*, 233 AD2d 192, 192-93 [1st Dept 1996] [finding a triable issue of fact of supervision where defendant's "representative testified that he was stationed at the work site[,] had the authority to [] correct[] unsafe work conditions, and prepared a report concerning plaintiff's accident"]). Thus, Gotham "failed to establish, prima facie, that it lacked the authority to supervise or control the means and methods of the claimant's work" (*Gomez v State of New York*, 106 AD3d 870, 871 [2nd Dept 2013]). Additionally, while there is no evidence that Gotham had actual notice of the metal rods, questions of fact remain as to whether it was on constructive notice (*Stafford v Viacom, Inc.*, 32 AD3d 388, 390 [2nd Dept 2006] ["the evidence was insufficient to show that [defendant] did not have [] constructive notice of the allegedly unsafe condition that caused the plaintiff's accident"]). Accordingly, the part of defendants' motion seeking summary judgment dismissing plaintiff's negligence and Labor Law § 200 causes of action will be granted as to Gilbane and denied as to Gotham.

ii.     *Labor Law § 240(1)*

Plaintiff concedes that he cannot maintain a Labor Law § 240(1) cause of action (MS #4, NYSCEF Doc No 93). Accordingly, the part of defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim will be granted.

**153700/2020    LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

Page 7 of 14

7 of 14

[* 7]

### iii.    Labor Law § 241(6)

Labor Law § 241(6) provides that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." It imposes its obligations on "[a]ll contractors and owners and their agents." Notably, the obligations imposed under Labor Law § 241 are non-delegable, meaning that once a plaintiff has established a violation, he need not demonstrate that the owner or general contractor exercised supervision or control over the worksite (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-49 [1998] ["section 241 (6) imposes liability upon a general contractor *for the negligence of a subcontractor*, even in the absence of control or supervision of the worksite"] [emphasis in original]). Additionally, "[a]lthough section 241 (6) does not expressly apply to subcontractors," where work is delegated to a subcontractor, it is "concomitantly delegated the authority to supervise and control that work and [may thereby become] the statutory agent of the general contractor under section 241" (*Leon v J & M Peppe Realty Corp.*, 190 AD2d 400, 408 [1st Dept 1993]).

Plaintiff moves for summary judgment on the issue of defendants' liability under Labor Law § 241(6) (MS #3), and defendants move for summary judgment dismissing that cause of action (MS #4). In order to state a viable Labor Law § 241 claim, a plaintiff must allege that the defendant violated a specific standard of conduct under the Industrial Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]). Plaintiff has alleged violations of Industrial Code §§ 23-1.7(e), 23-5.22(f), and 23-1.30 (upon amendment of the bill of particulars).

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

**Page 8 of 14**

[* 8]

8 of 14

Industrial Code § 23-1.7(e) provides that passageways and all other "areas where persons work or pass shall be kept free from . . . obstructions or conditions which could cause tripping." Relatedly, Industrial Code § 23-5.22(f) provides that "[s]tilts shall be used only on even floor surfaces kept free from obstructions." Plaintiff made a *prima facie* showing that the area in which he walked, on stilts, was not free from obstructions and tripping hazards. In both motions, defendants raise the "integral to the work defense" (*Krzyzanowski v City of New York*, 179 AD3d 479, 480-81 [1st Dept 2020] ["as a general rule, where [the hazard] is 'an integral part of the construction,' a Labor Law § 241 (6) claim [] predicated on an alleged violation of [the Industrial Code] should be dismissed"] [internal citation omitted]). Defendants base this defense on Glynn's testimony, as he observed that they were "sticking out of the wall [where there was] an electrical panel box" (NYSCEF Doc No 60, 70:20-71:5). Defendants argue that this testimony demonstrates that the metal pieces are "part of the electrical build-out at the premises, and thus, are integral to the work being performed on the site, which precludes liability" or, at a minimum, it raises an issue of fact as to whether they were integral (NYSCEF Doc No 79). As plaintiff notes, however, Glynn's testimony is speculative; he went on to state that he had no idea what function, if any, the metal rods served (NYSCEF Doc No 60, 71:6-72:15 ["I've been in this business for a long time. I do not know what that is . . . I do not know what to refer to that as . . . I have zero clue. I've never seen anything like that before"]). When asked if he knew if the rods were related to the electrical box, he said "[t]hat would be a fair assumption," but admitted that he did not know that to be the case (*id.*). The testimony is thus insufficient for defendants, on their motion for summary judgment (MS #4), to meet their burden of proof to establish that the metal rods were "integral to the work" (*Pereira v Hunt/Bovis Lend Lease Alliance II*, 193 AD3d 1085, 1090 [2nd Dept 2021] ["defendants [] did not show, prima facie, that the condition that

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

Page 9 of 14

9 of 14

allegedly caused the occurrence was 'integral' to the work performed"]; *Ramsey v Leon D. DeMatteis Constr. Corp.*, 79 AD3d 720, 723 [2nd Dept 2010]).

Regarding defendants' argument that the testimony is at least sufficient to raise an issue of fact on plaintiff's motion for summary judgment (MS #3), *Bazdaric v Almah Partners LLC*, 41 NY3d 310 [2024], is instructive. In that case, the plaintiff was injured because he slipped on a plastic covering placed over an escalator while he painted. The Court of Appeals held that the integral to the work "doctrine does not, as the Appellate Division majority mistakenly concluded, absolve a defendant of liability for the use of an avoidable dangerous condition or for failure to mitigate the danger, including as specifically provided by the Industrial Code, if preventive measures would not make it impossible to complete the work" (*id.* at 321 [also noting that "the use of some cover was integral to [plaintiff's] assignment to paint around the escalator. But that does not mean that any cover used—even one that was inherently slippery—was necessarily 'integral,' particularly where a safer alternative [i.e., a canvas covering] would have accomplished the same goal"). Similarly, here, Glynn testified that if he had noticed the metal rods himself and they served some function, he would "put a temporary base around them using plywood or the least we would do is spray them with high vis[ibility] orange spray paint" (NYSCEF Doc No 70, 73:7-74:11). Thus, even if the metal rods were important, defendants have not demonstrated that they took appropriate protective measures to mitigate this avoidable danger. Moreover, unlike in *Bazdaric*, where the plastic cover was used in furtherance of the plaintiff's painting assignment, here, there is no indication that the metal rods were integral, or even tangentially related, to the specific work plaintiff was performing; rather, the metal rods constituted an independent hazard. Therefore, plaintiff may base his Labor Law § 241(6) claim on defendants' violation of Industrial Code §§ 23-1.7(e) and § 23-5.22(f).

**153700/2020  LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

Page 10 of 14

10 of 14

Industrial Code § 23-1.30 provides that "[i]llumination sufficient for safe working conditions shall be provided wherever persons are required to work or pass in construction, [] but in no case shall such illumination be less than 10 foot candles in any area where persons are required to work nor less than five foot candles in any [] area where persons are required to pass." Plaintiff established a violation of this section by testifying that the area where he tripped was insufficiently illuminated (NYSCEF Doc No 68, 96:21-99:15, 101:16-25) and submitting photographs of the site of the accident showing that it was dark (NYSCEF Doc No 69). Defendants argue, however, that "expert testimony is needed to stablish that [the proper] candles *were not* present in the area in question [and] Plaintiff cannot rely on his own self-serving testimony and photographs" (NYSCEF Doc No 79 [emphasis in original]). This is incorrect; plaintiff has met his burden of proof and defendants' unsupported contention that candles *could have been* present—despite plaintiff's submitted evidence to the contrary—fails to raise an issue of fact. Thus, plaintiff may also base his Labor Law § 241(6) claim on defendants' violation of Industrial Code § 23-1.30.

Plaintiff has also adequately demonstrated that defendants' violations of the identified Industrial Code sections were the cause of his accident. As he repeatedly stated at his deposition, plaintiff was injured because he tripped over the metal rods, and because he could not see the obstruction due to inadequate lighting (see generally NYSCEF Doc No 68). In response, defendants argue that plaintiff was the sole proximate cause of his injuries because he "fail[ed] to properly observe the direct walking path before he began to walk" or, alternatively, failed to take off his stilts before moving into the other area (NYSCEF Doc No 92). Plaintiff asserts that even if he unreasonably failed to remove his stilts or take note of his surroundings, at most, this would constitute contributory negligence, which is irrelevant here. Plaintiff cites *Quiroz v Memorial*

**153700/2020  LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

**Page 11 of 14**

11 of 14

*Hosp. for Cancer & Allied Diseases*, 202 AD3d 601 [1st Dept 2022], to argue that once a statutory violation has been established, and that violation has been shown to be a proximate cause of a plaintiff's injury, the "sole proximate cause" defense is rendered impossible (NYSCEF Doc No 93). Defendants attempt to distinguish that case, noting that the violation at issue was of Labor Law § 240(1), whereas here, that section is no longer at issue, and thus the sole proximate cause defense is still applicable (NYSCEF Doc No 94). Though *Quiroz* dealt with a different provision of the Labor Laws, the reasoning applies to the provision at issue here. The *Quiroz* court explained that "whether plaintiff disregarded instructions [is] only of concern for considering plaintiff's potential comparative negligence, an issue not relevant under [the] Labor Law"; and even if the plaintiff were expected to go about the work another, safer way, "it would not render plaintiff the *sole* cause of the accident" because the statute-violating hazard is what actually caused his fall (*id.* at 604-05 [emphasis in original]). Thus, even if plaintiff could have— or even should have—checked his pathway and/or removed his stilts before walking to the hallway, his failure to do so cannot be considered the *sole* proximate cause of his injuries.

As the general contractor on the project, Gilbane may be held liable under Labor Law § 241(6). However, as discussed *supra*, issues of fact remain as to Gotham's authority and control over plaintiff's work, and therefore it cannot be determined as a matter of law whether it may be considered "the statutory agent of the general contractor under section 241" (*Leon*, 190 AD2d at 408). Accordingly, the part of plaintiff's motion seeking summary judgment on the issue of defendants' liability pursuant to Labor Law § 241(6) due to violations of Industrial Code §§ 23-1.7(e), 23-5.22(f), and 23-1.30 will be granted as to Gilbane and denied as to Gotham; and the corresponding part of defendants' motion for summary judgment will be denied.

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

**Page 12 of 14**

12 of 14

<u>Trial Limitations</u>

Though plaintiff's notice of motion seeks an order "directing that the liability trial in this matter will only address the issue of Plaintiff's comparative negligence (if any)" (NYSCEF Doc No 63), this issue is not addressed in his supporting affirmations (NYSCEF Doc Nos 64, 80). Accordingly, this part of plaintiff's motion will be denied.

<b>CONCLUSION</b>

Based on the foregoing, it is

ORDERED that the part of plaintiff's motion (MS #3) seeking leave to amend his bill of particulars to add an allegation that defendants' violation of Industrial Code § 23-1.30 caused his injuries is granted, and plaintiff shall serve the proposed amended bill of particulars (NYSCEF Doc No 76) within 30 days of this order; and it is further

ORDERED that the part of defendants' motion for summary judgment (MS #4) seeking dismissal of plaintiff's negligence and Labor Law § 200 causes of action is granted as against Gilbane and denied as against Gotham; and it is further

ORDERED that the part of defendants' motion for summary judgment (MS #4) seeking dismissal of plaintiff's Labor Law § 240(1) claim is granted; and it is further

ORDERED that the part of plaintiff's motion (MS #3) seeking summary judgment on the issue of defendants' liability under Labor Law § 241(6) is granted as against Gilbane and denied as against Gotham; and it is therefore

ORDERED that the part of defendants' motion for summary judgment (MS #4) seeking dismissal of plaintiff's Labor Law § 241(6) cause of action is denied; and it is further

**153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL**
**Motion No.  003 004**

**Page 13 of 14**

13 of 14

ORDERED that the part of plaintiff's motion (MS #3) seeking an order "directing that the liability trial in this matter will only address the issue of Plaintiff's comparative negligence (if any)" is denied.

20240708131415PG0ETZ1B344BF427832A816A5FFEE90C5E54A1A

__7/8/2024__
__DATE__

_____
__PAUL A. GOETZ, J.S.C.__

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

153700/2020   LARA CALDERON, LUCIO vs. GILBANE RESIDENTIAL
Motion No.  003 004

Page 14 of 14