■ DANIEL GABBAMONTE, Respondent, v. 16–20 WEST 19TH STREET, INC., Defendant-Appellant and Third-Party Plaintiff. CIRCLE ELEVATOR COMPANY, Third-Party Defendant.—

This is an action by an employee of a contractor against the owner of a building to recover for personal injuries sustained when he fell through the escape hatch on top of a freight elevator when he was walking or standing thereon for purpose of replacing the shoes and gibs on the elevator. The case was submitted to the jury under a charge which authorized a finding by the jury of negligence on the part of the defendant because of a violation of the provisions of section 200 of the Labor Law, a violation of section 240 of the Labor Law, or a violation of common-law duties. The trial court specifically charged that section 240 of the Labor Law was "applicable to the facts in this case" in that the top of the elevator, used as a platform by plaintiff and his coworker, was for the time being a scaffold; and that under the provisions of said section requiring "that one employing or directing another to perform labor or doing repairs shall give proper protection to the worker, the plaintiff is entitled to the full protection of the statute". We are of the opinion that under the circumstances here the court was in error in charging that the top of the elevator was a scaffold within the meaning of the provisions of section 240. (See *Caddy* v. *Interborough R. T. Co.,* 195 N. Y. 415; *Broderick* v. *Cauldwell-Wingate Co.,* 301 N. Y. 182, 187; cf. *Croce* v. *Buckley,* 115 App.

Div. 354, 357.) Furthermore, under the circumstances here, the defendant was not in the position of "employing or directing" the plaintiff within the meaning of section 240. (See *Kluttz* v. *Citron*, 2 N Y 2d 379, 383; *Blackwood* v. *Chemical Corn Exch. Bank*, 4 A D 2d 656; *Bellask* v. *Coronation Homes*, 5 A D 2d 873, affd. 5 N Y 2d 956.) The jury having rendered a general verdict and liability based on a violation of section 240 not being sustainable, the verdict is to be set aside and a new trial granted. (6 Carmody-Wait, New York Practice, p. 617, § 10.) Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.