■ FRANK RODGERS et al., Respondents-Appellants, v 72ND STREET ASSOCIATES et al., Appellants-Respondents and Third-Party Plaintiffs-Appellants. SCHINDLER ELEVATOR CORP., Third-Party Defendant-Respondent. [703 NYS2d 456] —Judgment, Supreme Court, New York County (Jane Solomon, J., and a jury), entered January 22, 1999, in an action by an elevator repairman against a building owner and management company, apportioning liability 80% as against defendants, 20% as against plaintiff and 0% as against third-party defendant elevator repair contractor, plaintiff's employer, dismissing plaintiff's Labor Law § 240 (1) cause of action, and awarding damages, before structuring, of $800,000 for past pain and suffering, $1.2 million for future pain and suffering, $600,000 in favor of plaintiff wife for loss of consortium, $249,120 for past lost wages and $136,960 for future lost wages, unanimously modified, on the law and the facts, to increase the award for past lost wages by $7,966 and for future lost wages by $7,327, and to vacate the awards for past and future pain and suffering and loss of consortium, and direct a new trial on the issue of such damages only, and otherwise affirmed, without costs, unless plaintiffs, within 30 days from the date of this order, stipulate to reduce the awards for past and future pain and suffering to $350,000 and $650,000, and for loss of consortium to $75,000, and to the entry of an amended judgment in accordance therewith.

The finding of negligence is supported by evidence showing that defendants either created, or had notice of, the dangerous condition of the freight elevator's emergency exit roof door through which plaintiff fell. In particular, the postaccident photographs depict the deteriorated condition of the roof door

and the obvious absence of a locking device as required by the New York City Building Code (Multiple Dwelling Law § 78; *see, Wagner v Grinnell Hous. Dev. Fund Corp.*, 260 AD2d 265, 266, citing, *inter alia, Mas v Two Bridges Assocs.*, 75 NY2d 680). Defendants' contention they are entitled to judgment as a matter of law on the issue of indemnification is not preserved for appellate review since they failed to move for a directed verdict on that issue, or for a specific ruling on the issue of third-party defendant's obligation under the maintenance agreement to repair the elevator roof door, at any time before the case was submitted to the jury (*see, Miller v Miller*, 68 NY2d 871, 873). Even if defendants were not required to make a preverdict motion in order to preserve the indemnity and contract issues for this Court's review, their newly raised argument that the elevator roof door is covered by the maintenance contract, and that as a matter of law they had no obligation to maintain and repair it, was waived by their failure to object to the parol evidence offered by third-party defendant on the meaning of the pertinent contract provision, and indeed by their own introduction of parol evidence on the same issue. A fair reading of the contract supports the finding that third-party defendant was not responsible for maintaining the roof door, and a fair interpretation of the evidence shows that third-party defendant never expanded its duties under the contract to include the roof door.

The trial court properly refused to charge Labor Law § 240 (1) (*see, Gabbamonte v 16-20 W. 19th St.*, 14 AD2d 518; *Brennan v RCP Assocs.*, 257 AD2d 389, 391, *lv dismissed* 93 NY2d 889, distinguishing *Ryan v Morse Diesel*, 98 AD2d 615). However, the trial court erred when it deducted plaintiff's Social Security disability benefits, his only collateral source payments, from past and future lost wages after such benefits had already been reduced by 20% for plaintiff's comparative fault. The deduction for collateral source payments should precede the deduction for comparative fault (*see, Rivera v Cincinnati Inc.*, 1998 US Dist LEXIS 19926, 1998 WL 898128 [SD NY, Dec. 23, 1998, Stein, J., 92 Cv 4345 (SHS)]), and we modify the awards for lost wages accordingly. The awards for pain and suffering and loss of consortium deviate materially from what is reasonable compensation to the extent indicated (*cf., Po Yee So v Wing Tat Realty*, 259 AD2d 373; *Osoria v Marlo Equities*, 255 AD2d 132; *Armbruster v Buffalo China*, 247 AD2d 880; *Adams v Romero*, 227 AD2d 292). Concur—Tom, J. P., Rubin, Andrias, Buckley and Friedman, JJ.