■ CHRISTOPHER COUSINEAU et al., Respondents, v PETER MULBURY, Appellant. (Appeal No. 2.) [709 NYS2d 317] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for loss of services only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the verdict for loss of services to $100,000, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: We reject the contention of defendant that Supreme Court erred in concluding that the explanation proffered by his attorney for the exercise of peremptory challenges with respect to two prospective jurors was pretextual. Defendant's attorney stated that he challenged those prospective jurors because of their "education, their experiences in life." However, he did not challenge Caucasian jurors with similar educational backgrounds and declined the court's offer of the opportunity to question those two jurors to obtain additional information concerning their education and life experiences. Thus, the record supports the court's determination that plaintiffs established intentional discrimination in defendant's exercise of peremptory challenges (cf., People v Allen, 86 NY2d 101, 110-111).

We reject defendant's contentions that plaintiffs failed to establish that defendant's conduct deviated from the accepted standard of medical care and was the proximate cause of the injury of Christopher Cousineau (plaintiff) and that the award of damages for pain and suffering and future medical expenses is excessive. We agree, however, that the award of $255,000 on the derivative cause of action for loss of services deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]; Rodgers v 72nd St. Assocs., 269 AD2d 258; Bonner v Lee [appeal No. 2], 255 AD2d 1005, 1006). We conclude that the highest amount that can be justified by plaintiffs' evidence of loss of services is $100,000. We modify the judgment, therefore, by vacating the award of damages for loss of services, and we grant a new trial on damages for loss of services only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the verdict for loss of services to $100,000, in which event the judgment is modified accordingly and as modified affirmed. (Appeal from Judgment of Supreme Court, Monroe

County, Siracuse, J.—Damages.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.