■ JOSEPH BONURA et al., Appellants-Respondents, v KWK AS-SOCIATES, INC., et al., Respondents-Appellants. (And a Third-Party Action.) [770 NYS2d 5]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered March 13, 2002, which, inter alia, granted defendants' motion for summary judgment to the extent of dismissing plaintiff's Labor Law § 240 (1) claim and dismissing, in part, his claim pursuant to Labor Law § 241 (6), but denied the motion with respect to the balance of the Labor Law § 241 (6) claim and plaintiff's Labor Law § 200 and common-law negligence claims, unanimously modified, on the law (1) to grant defendants' motion to the further extent of dismissing the Labor Law § 241 (6) claim in its entirety, and (2) to reinstate the common-law negligence cause of action to the extent it asserts a theory of res ipsa loquitur, and otherwise affirmed, without costs.

Plaintiff, an elevator mechanic, was allegedly injured when, as he stepped onto the roof of an elevator cab in defendants' building, the escape hatch cover in the cab's roof gave way under him and he fell into the cab. Plaintiff's Labor Law § 240 (1) claim was properly dismissed since the escape hatch cover was not a protective device within the contemplation of the statute and, accordingly, plaintiff's accident was not attributable to the failure of a statutorily mandated protective device (see Rodgers v 72nd St. Assoc., 269 AD2d 258 [2000]; Gabbamonte v 16-20 W. 19th St., 14 AD2d 518 [1961]).

However, defendants' motion for summary judgment was properly denied with respect to plaintiff's Labor Law § 200 and

common-law negligence causes of action since the deposition testimony of defendants' employee raised triable issues as to (1) whether defendants had actual or constructive notice that the escape hatch cover posed a hazard (*see Rodgers*, 269 AD2d at 258-259; *and see Jock v Fien*, 80 NY2d 965, 967 [1992]), and (2) whether defendants' employees caused the hazardous condition (e.g., by moving the hatch cover). Contrary to defendants' contention, a showing that they exercised supervisory control over the activity that brought about plaintiff's injury was not necessary to the viability of plaintiff's Labor Law § 200 and common-law causes (*see Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 225 [1999]).

The motion court erred in rejecting plaintiffs' assertion of the doctrine of res ipsa loquitur at this stage in the litigation. In order to rely on said doctrine, a plaintiff must show that the event was of a kind that ordinarily does not occur in the absence of someone's negligence; that it was caused by an agency or instrumentality within the exclusive control of the defendant; and that it was not due to any voluntary action or contribution on the part of plaintiff (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]).

The motion court found that the doctrine applies only when "the actual or specific cause of an accident is unknown," whereas here, "the circumstances surrounding the occurrence that forms the basis of this action are known." The court misapplied this principle. Even though some of the circumstances of this accident might be known (i.e., that plaintiff stepped on the hatch cover, which gave way, causing him to fall), the "actual or specific cause of [the] accident" remains unknown. Indeed, the specific cause may have been a defective hatch, a hatch misplaced by defendants, or due to some other reason.

Nor is the doctrine rendered inapplicable by any action or contribution by plaintiff. The mere stepping on the hatch cover, without any facts or inferences suggesting negligence by plaintiff, cannot eliminate the res ipsa loquitur doctrine from the case at this juncture (*see Pavon v Rudin*, 254 AD2d 143, 145 [1998]). In any event, a plaintiff "need not conclusively eliminate the possibility of all other causes of the injury," so long as the evidence affords a "rational basis for concluding that 'it is more likely than not' that the injury was caused by defendant's negligence" (*Kambat v. St. Francis Hosp.*, 89 NY2d at 494, quoting Restatement [Second] of Torts § 328D, Comment *e*). As plaintiffs have adequately made such a showing here, we modify to reinstate plaintiffs' assertion of the doctrine of res ipsa loquitur.

We also modify to dismiss plaintiff's Labor Law § 241 (6) claim in its entirety, since the record discloses that plaintiff was not engaged in construction or any other activity within the protective ambit of section 241 (6) at the time of his accident (*see Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Nardelli, Mazzarelli, Sullivan and Gonzalez, JJ.