■ CHRISTOPHER MITCHELL, Respondent-Appellant, v NEW YORK UNIVERSITY, Respondent, and PLAZA CONSTRUCTION CORP., Appellant-Respondent. (And a Third-Party Action.) [784 NYS2d 104]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered March 24, 2004, which, to the extent appealed from as limited by the briefs, granted so much of defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claims against both defendants and his Labor Law § 200 and common-law negligence claims against defendant New York University only, unanimously modified, on the law, to the extent of granting dismissal of the Labor Law § 200 and common-law negligence claims against defendant Plaza Construction Corp. as well, and otherwise affirmed, without costs.

Plaintiff was standing on a pallet at the bottom of a muddy excavation pit, attempting to move a heavy pipe as directed by his foreman. According to plaintiff, the muddy condition was a result of water emanating from a machine used by his employer, the excavation subcontractor. As plaintiff raised the pipe above his head to move it to higher ground, the pallet allegedly shifted in the mud, and he dropped it on his shoulder.

Since the injury arose out of the methods of the excavating subcontractor, it must be proven, for purposes of common-law negligence and Labor Law § 200, that defendant Plaza exercised actual supervision and control over plaintiff's activity, rather than possessing merely general supervisory authority (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). The record shows that Plaza had no direct involvement in the performance of plaintiff's work or the manner in which the excava-

tion subcontractor's machine, the pipes or the water were used in connection with the excavation operations (*see Hoelle v New York Equities Co.*, 258 AD2d 253 [1999]). Plaza's personnel were at the site at various times to monitor the subcontractor's work to ensure that it was being performed in accordance with contract specifications, but plaintiff's actual work was admittedly overseen and directed by the subcontractor's personnel. There is no evidence that Plaza personnel were even present at the time of his accident, or supplied plaintiff with any equipment or conducted safety meetings, nor was there evidence that Plaza exercised any supervision beyond generally overseeing the coordination of the subcontractors (*see Buccini v 1568 Broadway Assoc.*, 250 AD2d 466 [1998]; *Gonzalez v United Parcel Serv.*, 249 AD2d 210 [1998]).

Furthermore, the proponent of a Labor Law § 200 claim must demonstrate that the defendant had actual or constructive notice of the allegedly unsafe condition that caused the accident. The notice must call attention to the specific defect or hazardous condition and its specific location, sufficient for corrective action to be taken (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Canning v Barneys N.Y.*, 289 AD2d 32, 33 [2001]). Here, Plaza's superintendent testified as to his general awareness of the uneven ground at a certain spot in the pit, of the debris generated by the excavation work, and of the fact that the subcontractor's machinery used water and might even hit a water source in the course of its drilling; but these provided only general notice of potential conditions, which was not enough to meet plaintiff's burden.

As to the Labor Law § 241 (6) claim, the evidence established that the work site was comprised of an excavation pit, which at that time was no more than a big hole in the ground with an unfinished muddy bottom. This was not the type of flooring or passageway contemplated in the various cited sections of the Industrial Code (*see O'Gara v Humphreys & Harding*, 282 AD2d 209 [2001]; *Barnes v DeFoe/Halmar*, 271 AD2d 387 [2000]). Concur—Nardelli, J.P., Mazzarelli, Lerner, Friedman and Marlow, JJ.