■ JOHN CORDEIRO et al., Respondents-Appellants, v TS MIDTOWN HOLDINGS, LLC, et al., Appellants-Respondents. TS MIDTOWN HOLDINGS, LLC, Third-Party Plaintiff-Appellant-Respondent, v SCHINDLER ELEVATOR CORPORATION, Third-Party Defendant-Respondent. [931 NYS2d 41]—

Plaintiff John Cordeiro, an employee of third-party defendant Schindler, was injured while preparing to remove elevator equipment from a building owned and managed by defendants by hoisting it through hatchway doors connecting a motor room with the floor below it. As plaintiff was sliding open the latch to the doors, they unexpectedly opened, causing him to fall to the floor below.

Plaintiffs met their prima facie burden of establishing entitlement to partial summary judgment on their Labor Law § 240 (1) claim. Although the doors through which plaintiff fell were a permanent fixture of the building, they were not a "normal appurtenance," but rather, an access opening specifically built for the purpose of allowing workers to perform their work on the building elevators by hoisting materials to the building's motor rooms (*Brennan v RCP Assoc.*, 257 AD2d 389, 391 [1999], *lv dismissed* 93 NY2d 889 [1999]). Accordingly, we find that the hatch in this case was a "device" within the meaning of section 240 (1) (*see id.*; *Crimi v Neves Assoc.*, 306 AD2d 152, 153 [2003]). Further, plaintiff did not step onto hatchway doors that opened accidentally (*compare Bonura v KWK Assoc.*, 2 AD3d 207 [2003]; *Rodgers v 72nd St. Assoc.*, 269 AD2d 258 [2000]). Rather, plaintiff was required to open the doors in order to hoist up the governor from the 19th floor hallway below. This exposed plaintiff to a gravity-related risk of falling into the hallway from the motor room (*see Godoy v Baisley Lbr. Corp.*, 40 AD3d 920 [2007]).

In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of the accident (*see Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]; *see also Miglionico v Bovis Lend Lease, Inc.*, 47 AD3d 561, 565 [2008]). Defendants did not submit any admissible evidence that plaintiff knew he should have used his safety harness under these circumstances, or that he knew his partner had a suitable 50-foot lifeline to which the harness could have been attached. While defendants argue that plaintiff could have tied his six-foot lanyard to a nearby beam or staircase, no evidence, expert or lay, was submitted that either of these options were appropriate anchorage sites (*see Miglionico*, 47 AD3d at 564-565). Accordingly, plaintiffs were entitled to partial summary judgment as to liability on their Labor Law § 240 (1) claim.

Supreme Court improperly dismissed plaintiff's Labor Law § 241 (6) claim to the extent it is based on an alleged violation

of Industrial Code (12 NYCRR) § 23-1.7 (b) (1). Plaintiffs first alleged this particular code provision concerning hazardous openings in a third supplemental bill of particulars served, without leave of court, after plaintiffs moved for summary judgment. However, plaintiffs' original bill of particulars claimed that defendants failed to adequately maintain the hatchway, causing plaintiff to fall when it suddenly opened. Accordingly, plaintiffs' belated identification of 12 NYCRR 23-1.7 (b) (1) "entails no new factual allegations, raises no new theories of liability, and has caused no prejudice to defendant[s]" (*Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 233 [2000]; *see Cevallos v Morning Dun Realty, Corp.*, 78 AD3d 547, 549 [2010]). Further, the provision is sufficiently specific to support a Labor Law § 241 (6) claim (*see Luckern v Lyonsdale Energy Ltd. Partnership*, 281 AD2d 884, 886 [2001]), and issues of fact exist as to whether it was violated.

Supreme Court properly dismissed plaintiff's Labor Law § 241 (6) claim to the extent it is based on 12 NYCRR 23-1.16, since plaintiffs never alleged in their original bill of particulars that plaintiff was given defective safety equipment (*see Gaisor v Gregory Madison Ave., LLC*, 13 AD3d 58, 59-60 [2004]). Plaintiffs' section 241 (6) claim based on an alleged violation of 12 NYCRR 23-1.5 was also properly dismissed, since that section is insufficiently specific to support such a claim (*see Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732, 733 [2006], *lv denied* 8 NY3d 814 [2007]).

Supreme Court properly denied defendants' cross motion for summary judgment dismissing plaintiffs' common-law negligence and Labor Law § 200 claims. Proof of defendants' supervision and control over plaintiff's work is not required to impose liability under the statute and the common law where, as here, the accident results from a dangerous work site condition (*see Makarius v Port Auth. of N.Y. & N.J.*, 76 AD3d 805, 808 [2010]). The building superintendent testified that he had seen an unusual configuration in the hatchway doors prior to the accident. Thus, issues of fact exist as to whether defendants had notice of the dangerous or defective doors (*id.* at 808-809).

Supreme Court providently exercised its discretion in declining to impose the drastic sanction of striking defendants' answer due to their loss of the accident report, and instead, ordering that an adverse inference charge be given at trial (*see Hall v Elrac, Inc.*, 79 AD3d 427 [2010]).

Supreme Court properly dismissed the third-party action, since the contract between Schindler and defendant/third-party plaintiff TS Midtown Holdings, LLC does not contain a clear

and unambiguous indemnity provision running in favor of TS Midtown. When a party is under no legal duty to indemnify, a contract assuming that obligation "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Tonking v Port Auth. of N.Y. & N.J.*, 2 AD3d 213, 214 [2003], *affd* 3 NY3d 486 [2004] [internal quotation marks omitted]). Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.