Order, Supreme Court, New York County (Paul G. Feinman, J.), entered October 1, 2012, which, to the extent appealed from, granted defendants’ motion for summary judgment dismissing the complaint, and denied plaintiffs motion for summary judgment on liability, unanimously modified, on the law, to deny defendants’ motion, and otherwise affirmed, without costs.
Plaintiff was not injured by a dangerous condition that he had undertaken to fix (see Wray v 654 Madison Ave. Assoc., 253 AD2d 394 [1st Dept 1998]). He was working on the replacement of a controller for a dumbwaiter; he was injured when the dumbwaiter’s hoist cable broke, causing the dumbwaiter (with plaintiff inside) to plunge 40 feet. The limited maintenance contract between defendants and plaintiff’s employer, third-party defendant Nouveau Elevator Industries, Inc., included inspection of hoist cables, but it did not include replacement of a controller. Moreover, at Nouveau, maintenance and repair were separate departments, and plaintiff was not the regular maintenance mechanic whom Nouveau assigned to defendants’ premises.
Nor was the ultimate cause of plaintiffs injury the manner of his work (i.e., climbing into the dumbwaiter and closing the door). The record shows that the breaking strength of the hoist cable was 4200 pounds and the combined weight of the dumbwaiter itself and plaintiff was 565 pounds. Thus, if the hoist cable had been functioning properly, it would not have snapped, even with plaintiff in the dumbwaiter. The ultimate cause of plaintiffs injury was a dangerous condition on defend *526 ants’ property, namely, the malfunctioning hoist cable, and defendants may be held liable for plaintiffs injury under Labor Law § 200 and the common law if they either created or had notice of the dangerous condition (Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904, 906 [1st Dept 2011]; Bonura v KWK Assoc., 2 AD3d 207, 207-208 [1st Dept 2003]). Issues of fact preclude summary judgment to either side. For example, there is conflicting evidence as to whether the old, failing hoist cable was actually replaced before plaintiffs accident (see DiPilato v H. Park Cent. Hotel, L.L.C., 17 AD3d 191, 192-193 [1st Dept 2005]).
Issues of fact also preclude summary judgment to either side on the Labor Law § 240 (1) cause of action (see Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 494, 495 [1st Dept 2014]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Friedman, J.E, Andrias, Richter and Manzanet-Daniels, JJ.