■ MICHAEL MARCANO, Appellant, v HAILEY DEVELOPMENT GROUP, LLC, Appellant, and MARK LASALA, Respondent, et al., Defendants. [985 NYS2d 537]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 22, 2013, which granted defendant Mark LaSala's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Defendant Mark LaSala established that he was entitled to the exemption for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 241 [6]). LaSala never instructed plaintiff plumber on how to cut the pipe nor did he provide the pipe or the chop saw that plaintiff was using at the time of his accident (see Chambers v Tom, 95 AD3d 666 [1st Dept 2012]). Although LaSala determined the location of shower bodies and fixtures and the location of sinks and toilets, such "participation was limited to discussion of the results the homeowner wished to see, not the method or manner in which the work was then to be performed" (Affri v Basch, 13 NY3d 592, 596 [2009]). Furthermore, even assuming that LaSala hired plaintiff's employer directly, and regularly visited the site, such evidence is insufficient to establish direction or control over plaintiff's work (see Lopez v Dagan, 98 AD3d 436, 437 [1st Dept 2012], lv denied 21 NY3d 855 [2013]).

The Labor Law § 200 claim was also properly dismissed as against LaSala. Regardless of the claimed dangerous condition of the work site, which involved scattered debris, uneven flooring and poor lighting, plaintiff failed to show that LaSala had

either actual or constructive notice of such conditions (*see Mitchell v New York Univ.*, 12 AD3d 200, 201 [1st Dept 2004]).

We have considered the remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe, Freedman and Richter, JJ.