Polonia v 14 Sutton Tenants Corp. (2022 NY Slip Op 06093)

Polonia v 14 Sutton Tenants Corp.

2022 NY Slip Op 06093

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 23490/17E Appeal No. 16576 Case No. 2021-04544 

[*1]Charles Felix Polonia , Plaintiff-Appellant,
v
14 Sutton Tenants Corporation et al., Defendants-Respondents. (And Other Third-Party Actions.)

Ginarte Gallardo Gonzalez Winograd, LLP, New York (Timothy Norton of counsel), for appellant.
Salter & Ingrao, P.C., Mineola (Corey Pugliese of counsel), for 14 Sutton Tenants Corporation, respondent.
McMahon Martine & Gallagher, Brooklyn (Mohammed Ayoub of counsel), for Central Construction Management, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 10, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on his Labor Law §§ 240(1) and 241(6) causes of action as against defendants 14 Sutton Tenants Corporation and Central Construction Management (CCM), granted CCM's motion for summary judgment dismissing plaintiff's Labor Law § 200 and negligence causes of action as against it and its cross motion for summary judgment dismissing the Labor Law §§ 240(1), and 241(6) causes of action as against it, and granted 14 Sutton's cross motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) causes of action as against it, unanimously affirmed, without costs.
Plaintiff, who was working at a construction site located at the intersection of Sutton Place and East 56th Street in Manhattan, was injured while he was walking on a sidewalk bridge erected at the corner of the site. According to plaintiff, there was a height differential of about two feet between the segment of the bridge on Sutton Place and the segment on East 56th Street, and as he was walking along the Sutton Place segment toward the 56th Street segment, he tripped on a wooden plank that was part of the sidewalk bridge flooring. There is no dispute that the plank was not defective and was properly installed.
14 Sutton and CCM both established their entitlement to dismissal of the Labor Law § 240(1) claims as against them. Plaintiff tripped forward while walking on one portion of the sidewalk bridge and was propelled forward onto the other portion of the sidewalk bridge. His fall was not caused by the height differential between the two portions of the sidewalk bridge. He did not fall into a gap or through an opening (cf. Hernandez v Argo Corp., 95 AD3d 782 [1st Dept 2012]). Although plaintiff states there used to be a ramp where the two portions of the sidewalk bridge met, he admittedly tripped on the wooden plank before reaching the gap. Plaintiff does not explain how a ramp would have made his accident any less likely or that the accident occurred as a direct result of there being no ramp where the two portions of the sidewalk bridge met.
Moreover, both 14 Sutton and CCM established prima facie that they were entitled to dismissal of the Labor Law § 241(6) causes of action as against them. Industrial Code (12 NYCRR) §§ 23-1.8(b)(2) and 23-5.1(j)(1), which underlie the § 241(6) claims, are inapplicable to the circumstances alleged here, as those sections apply to the "outside edge," "the ends," or "open sides" of sidewalk sheds and scaffolds, not to the interior sections of a sidewalk bridge. Further, although plaintiff maintains that he fell because of a lack of fall protection between the two segments of the sidewalk bridge, plaintiff did not fall off the sidewalk bridge, but tripped on a wooden plank and fell from one side of the bridge to the other. In any event, plaintiff [*2]testified at his deposition that a plywood barrier, approximately eight feet tall, stood on the exterior side of the sidewalk bridge to prevent workers from falling, and that a handrail ran along the length of the sidewalk bridge.
The record establishes that CCM neither created nor had actual or constructive notice of any dangerous condition. And even if this case were deemed one in which the means and methods of the work formed the basis for the Labor Law § 200 and negligence causes of action, CCM would still not be liable, as it did not actually exercise supervisory control over the injury-producing work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022