Burchill v City of New York (2023 NY Slip Op 04817)

Burchill v City of New York

2023 NY Slip Op 04817

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 153149/16 Appeal No. 640 Case No. 2022-05133 

[*1]Samuel Burchill, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants, New York City Department of Design and Construction et al., Defendants.

Kahana & Feld LLP, New York (Sofya Uvaydov of counsel), for appellants.
William Schwitzer & Associates, P.C., New York (Christopher W. Drake of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about May 6, 2022, which, to the extent appealed from, denied defendants City of New York and Consolidated Edison of New York's (ConEd) motion for summary judgment dismissing the Labor Law § 241(6) claim as against the City and the Labor Law § 200 and common-law negligence claims as against both defendants, unanimously modified, on the law, the motion as to the claims against the City granted, and otherwise affirmed, without costs.
Plaintiff sustained injuries while installing conduits in a trench to relocate ConEd's underground utilities. The relocation work was being performed in furtherance of the City's project of installing water mains.
The court should have granted summary judgment dismissing the Labor Law § 241(6) claim against the City because Industrial Code (12 NYCRR) § 23-1.13 is applicable to it. Industrial Code § 23-1.13(a) provides: "None of the provisions of this section shall apply to or in connection with operations conducted by employers, owners, contractors and their agents subject to the jurisdiction of the Public Service Commission" (12 NYCRR 23-1.13[a]). As with ConEd's operation of distributing electricity, which plaintiff conceded was subject to the jurisdiction of the Public Service Commission, the City's water distribution operation was similarly subject to the Public Service Commission's jurisdiction (see Public Service Law § 5[1][b], [f]; see also Public Service Law § 119-b[6]). Plaintiff's contention that the exemption is inapplicable because his claim against the City was predicated on the City's ownership of the roadway, as opposed to its ownership of the water mains, is unavailing. The exemption expressly applies to "operations" being conducted, not to particular entities involved in the work, and here, the City's water supply operation was implicated because the injury-producing electrical relocation work was part of the City's overarching water main installation project. The cases cited by plaintiff do not warrant a different outcome, as they do not address the exemption under section 23-1.13(a).
The City was also entitled to dismissal of the Labor Law § 200 and common-law negligence claims against it because there was no evidence that it had actual or constructive notice of the dangerous electrical condition that caused plaintiff's injuries (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 556 [1st Dept 2009]). The presence of the City's on-site inspectors at the project raised no more than a general awareness of the condition, which was insufficient to impute notice (see Zieris v City of New York, 93 AD3d 479, 479 [1st Dept 2012]; Mitchell v New York Univ., 12 AD3d 200, 201 [1st Dept 2004]).
However, issues of fact preclude dismissal of the Labor Law § 200 and common-law negligence claims against ConEd. To the extent it is alleged that the accident was caused by a dangerous condition in the conduit or duct encasing the live cable, [*2]factual issues exist as to whether the cable was properly guarded or insulated. To the extent the accident arose from the manner in which the work was performed, the testimony of plaintiff's foreman that ConEd instructed him daily as to the work to be performed and would at times specify the equipment to be used raises an issue of fact as to whether ConEd exercised supervisory control over the injury-producing work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]; see generally Russin v Louis N. Picciano & Son, 54 NY2d 311, 317 [1981]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023