Marte v Tishman Constr. Corp. (2024 NY Slip Op 00231)

Marte v Tishman Constr. Corp.

2024 NY Slip Op 00231

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 154819/17 Appeal No. 1477 Case No. 2022-05303 

[*1]Francisco Gomez Marte, Plaintiff-Appellant-Respondent,
v
Tishman Construction Corporation et al., Defendants-Respondents-Appellants.

The Barnes Firm, New York (John E. Lavelle of counsel), for appellant-respondent.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered November 16, 2022, which, to the extent appealed from as limited by the briefs, granted in part defendants' motion for summary judgment dismissing plaintiff's Labor Law §§ 200 and 241(6) claims and denied plaintiff's cross-motion for partial summary judgment as to liability on his Labor Law § 240(1) claim and for leave to amend the bill of particulars, and denied defendants' motion insofar as it sought dismissal of plaintiff's Labor Law § 240(1) claim, unanimously modified, on the law, to deny defendants' motion for summary judgment insofar as it sought dismissal of the Labor Law § 241(6) claim and to grant plaintiff leave to amend the bill of particulars to add a violation of Industrial Code (12 NYCRR) § 23-1.22(c)(1), and otherwise affirmed, without costs.
Supreme Court properly granted defendants summary judgment on the negligence and Labor Law § 200 claims (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). There was no evidence that the owner defendants had any workers or representatives on site who could control the means and methods of plaintiff's work, create a hazardous condition, receive actual notice of a dangerous condition, or conduct any inspections that would uncover a condition sufficient to impute constructive notice. As with common-law negligence, "section 200 does not impose vicarious liability on owners and general contractors" (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 145-146 [1st Dept 2012]).
As for defendant construction manager (Tishman), there is no evidence that it created any hazardous condition regarding the rebar mat on which plaintiff slipped, since plaintiff's employer was installing the rebar and pouring concrete (see Polonia v 14 Sutton Tenants Corp., 210 AD3d 417, 418 [1st Dept 2022]; see also Peralta v Henriquez, 100 NY2d 139, 142-145 [2003]). There is also no evidence that Tishman had actual notice of a dangerous condition, as all the witnesses testified that no one had complained about the condition of the rebar (see Mitchell v New York Univ., 12 AD3d 200, 201 [1st Dept 2004]). Furthermore, there is no evidence that Tishman had constructive notice of any defect that was "visible and apparent and ... exist[ed] for a sufficient length of time prior to the accident to permit [Tishman]'s employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Indeed, plaintiff testified that there was no debris on the rebar, and it was stable and did not move when he stepped on it. A "'general awareness' that a dangerous condition may be present" (Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994], quoting Gordon, 67 NY2d at 838), is "insufficient to impute notice" (Burchill v City of New York, 219 AD3d 1244, 1245 [1st Dept 2023]).
Regarding the Labor Law § 241(6) claim, defendants "made a prima facie showing of entitlement to [summary] judgment" because "plaintiff [*2]did not cite any Industrial Code provision that allegedly was violated here in his complaint [or] bill of particulars" (Dooley v Peerless Importers, Inc., 42 AD3d 199, 206 [2d Dept 2007]). "However, this failure is not necessarily fatal to a section 241(6) claim and, in the absence of unfair surprise or prejudice, may be rectified by amendment, even where a note of issue has been filed" (Walker v Metro-North Commuter R.R., 11 AD3d 339, 341 [1st Dept 2004]). Plaintiff, in seeking to amend the bill of particulars, asserted a violation of Industrial Code § 23-1.22(c)(1), which requires that "[a]ny platform used as a working area or used for the unloading of wheelbarrows, power buggies, hand carts or hand trucks" to "be provided with a floor of planking at least two inches thick full size, exterior grade plywood at least three-quarters inch thick or metal of equivalent strength." "[T]he platforms contemplated by that section are those used to transport vehicular and/or pedestrian traffic" (Dzieran v 1800 Boston Rd., LLC, 25 AD3d 336, 338 [1st Dept 2006] [internal quotation marks omitted]). Since it is uncontroverted that plaintiff was traversing the rebar mat carrying more rebar, and workers were expected to walk over the rebar mat, there is at least an issue of fact as to whether the rebar mat qualified as a platform used to transport pedestrian traffic. Plaintiff's "belated identification of th[is] section[] entails no new factual allegations, raises no new theories of liability, and results in no prejudice to the defendant[s]" (Harris v City of New York, 83 AD3d 104, 111 [1st Dept 2011]). Thus, plaintiff is granted leave to amend his bill of particulars on this point, and summary judgment dismissing the § 241(6) claim is denied.
The request for leave to amend as to the other identified Industrial Code provisions was properly denied, as they are "patently devoid of merit" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]; see also Kapitus Servicing, Inc. v MS Health, Inc., 216 AD3d 459, 460 [1st Dept 2023]; Guzman v Americare, Inc., 209 AD3d 489, 490 [1st Dept 2022]). Specifically, Industrial Code § 23-1.5(a) "is insufficiently specific to support" a Labor Law § 241(6) claim (Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904, 906 [1st Dept 2011]), whereas Industrial Code § 23-1.7(b)(1)(i) only applies to openings large enough for a person to fall completely through, which was not the case here (see Favaloro v Port Auth. of N.Y. & N.J., 191 AD3d 524, 525 [1st Dept 2021]; Johnson v Lend Lease Constr. LMB, Inc., 164 AD3d 1222, 1223 [2d Dept 2018]; Messina v City of New York, 300 AD2d 121, 123 [1st Dept 2002]).
Finally, Supreme Court properly denied summary judgment to all parties on the Labor Law § 240(1) claim alleging injury resulting from "a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Cuentas v Sephora USA, Inc., 102 AD3d 504, 504 [1st Dept 2013] [internal [*3]quotation marks omitted]). "There is no bright-line minimum height differential that determines whether an elevation hazard exists" (Brown v 44 St. Dev., LLC, 137 AD3d 703, 704 [1st Dept 2016]). Plaintiff testified that the gap below the rebar mat was four feet, though his brief before this Court accepts defendants' contention that there was an 18-inch gap to the plywood form below. As this Court has upheld a finding of liability in favor of a worker "carrying wood planks" when "he fell through an opening in a latticework rebar deck to a plywood form 12 to 18 inches below" (137 AD3d at 703-704), defendants fail to show as a matter of law that plaintiff "was not faced with the special elevation risks contemplated by the statute" (Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841, 844 [1994]). Nonetheless, plaintiff failed to demonstrate entitlement to summary judgment, since there is testimony supporting defendants' contention that the laying of rebar, in which plaintiff was engaged, was to be followed by the pouring of concrete, which would render placing plywood or wooden planks on top of that rebar "impractical and contrary to the very work at hand to cover the area where the concrete was being spread" (Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024