| Reyes-Guevara v 722 Metro. LLC |
| --- |
| 2024 NY Slip Op 30361(U) |
| February 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151479/2020 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

-------------------------------------------------------------------------X

HALMAR REYES-GUEVARA,

Plaintiff,

- v -

722 METROPOLITAN LLC, GOTHAM NEW YORK LLC, ALBA SERVICES, INC., CAPSTONE CONTRACTING CORPORATION,

Defendants.

-------------------------------------------------------------------------X

722 METROPOLITAN LLC, GOTHAM NEW YORK LLC

Plaintiffs,

-against-

ALBA SERVICES, INC., CAPSTONE CONTRACTING CORPORATION

Defendants.

-------------------------------------------------------------------------X

722 METROPOLITAN LLC, GOTHAM NEW YORK LLC

Plaintiffs,

-against-

OAK PARK ENTERPRISES INC., FRIENDLY HAND LABOR CORP.

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| PART | 47 |
| INDEX NO. | 151479/2020 |
| MOTION DATE | 10/11/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595639/2020

Second Third-Party
Index No. 595118/2022

The following e-filed documents, listed by NYSCEF document number (Motion 003) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120

were read on this motion to/for                         JUDGMENT - SUMMARY                         .

**151479/2020   REYES-GUEVARA, HALMAR vs. 722 METROPOLITAN LLC**
**Motion No.   003**

Page 1 of 11

In this Labor Law personal injury action arising out of a construction worker's fall from a stack of iron reinstallation bars (rebars) on top of a platform, plaintiff moves unopposed for summary judgment pursuant to CPLR § 3212 on his Labor Law §§ 200, 240(1), and 241(6) claims as against defendants 722 Metropolitan LLC (722 Metropolitan) and Gotham New York LLC (Gotham) (collectively, defendants).

## BACKGROUND

Defendant 722 Metropolitan owns a building located at 722 Metropolitan Avenue, Brooklyn, New York 11211 (NYSCEF Doc No 1). In a construction management agreement dated May 2, 2017, 722 Metropolitan hired defendant Gotham to "cause to be performed and provided through Trade Contractors[] all labor, material, equipment, tools and services required for the complete construction of the Project," the conversion of a former factory into a 7-story multi-family residential building with a commercial space on the first floor (NYSCEF Doc No 117, § 2.1). Gotham was tasked with "supervi[ng] the performance of the Work by Trade Contractors" and "all safety precautions" (*id.*, §§ 3.4(b), 17.1.1). In a sub-contract agreement dated May 4, 2017, Gotham hired third-party defendant Alba Services, Inc. (Alba) to "perform all work . . . necessary for the construction and completion of the excavation, soe, underpinning, concrete (foundation and superstructure) work for the project" (NYSCEF Doc No 118 § 1.4, emphasis removed). Alba subsequently hired third-party defendant Capstone Contracting Corporation (Capstone) as a second-tier subcontractor to assist (NYSCEF Doc No 119). Capstone was plaintiff's employer (NYSCEF Doc No 115).

Plaintiff's work entailed the installation of iron rebars for the building's flooring; this stage came after carpenters had set down a wooden base, and before another tradesman would pour concrete over the rebars (NYSCEF Doc No 114, 49:25-50:17). The rebars, which were each

approximately 20-30 feet long (*id.* at 59:4-8), were bundled together with wire when they arrived at the jobsite (*id.* at 53:25-54:17).[1] Upon delivery, they would be placed on a platform that was roughly 3-4 feet high, such that the top of the bundle would be elevated about 5-6 feet from the floor (*id.* at 61:6-13). Plaintiff, who is 5 feet and 10 inches tall (*id.*), had a practice of climbing onto the platform, and then up on top of the iron bundle, so that he could clip the wires holding the rebars together (*id.* at 86:13-87:6, 93:5-7). He would then pull out as many rebars as he could comfortably manage at once and carry them down from the platform (*id.* at 53:25-54:17). He would place the rebar on the floor and tie it down with wire, attaching each rebar to the one installed before it (*id.* at 57:10-14). There were tradesmen from other companies who performed work in the same space, but plaintiff had never heard of 722 Metropolitan or Gotham (*id.* at 65:21-66:4).

The date of plaintiff's accident, February 4, 2019 (*id.* at 33-11), was about two weeks into his assignment at the jobsite (*id.* at 48:14-21). A few hours into his workday (*id.* at 43:13-15, 74:15-16), plaintiff climbed onto a bundle of iron standing on top of the platform and cut the wire holding the rebars together, as he normally did (*id.* at 59:18-21). With plaintiff and a coworker taking hold of either side of a rebar, they pulled it out of the pile (*id.* at 77:17-21), using "a lot of strength" to free it, at which point plaintiff lost his grip and fell to his right (*id.* at 58:13-20, NYSCEF Doc No 102, ¶¶ 62-64). Since plaintiff had "nowhere to grab onto" (*id.* at 77:15-16), he hit the floor. He then reported the incident to his supervisor, Christian (*id.* at 64:6-13, 69:19-21).[2] As a result of this fall, plaintiff alleges that he has suffered severe physical injuries (NYSCEF Doc No 1, ¶¶ 50-51).

---

[1] Plaintiff does not know who delivered the rebar (*id.* at 88:9-15).
[2] Plaintiff does not know who employed Christian (*id.* at 47:2-7).

**151479/2020   REYES-GUEVARA, HALMAR vs. 722 METROPOLITAN LLC**                    **Page 3 of 11**
**Motion No.  003**

<u>Stuart Samtur's Deposition</u>

Samtur testified as a principal of Gotham (NYSCEF Doc No 116, 10:18-20). He stated that Gotham was responsible for supervising the performance of work by any contractors or subcontractors on the project (*id.* at 15:5-8). This entailed sending the company's assistant construction superintendent, John Doko, to make daily visits to the jobsite and take note of any safety hazards (*id.* at 18:20-19:12, 24:17-25:10). He stated that Gotham had the authority to stop work in the case of any noncompliance with safety regulations (*id.* at 27:14-18). Samtur testified that he first heard plaintiff's name in connection with this lawsuit and was unfamiliar with the circumstances of his accident (*id.* at 47:21-48:13).

Plaintiff brought this action against defendants, alleging violations of Labor Law §§ 200, 240(1), 241(6) and common law negligence (NYSCEF Doc No 1). Plaintiff moves unopposed for summary judgment on liability on his Labor Law §§ 200, 240(1), and 241(6) claims as against defendants 722 Metropolitan and Gotham (MS #3, NYSCEF Doc No 103).

<b>DISCUSSION</b>

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce

[* 4]

evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

Labor Law § 200 Claim

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). It provides, in relevant part: "All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places" (Labor Law § 200[1]). "In order to prevail on such a claim against an owner or general contractor, a plaintiff must prove that the party so charged had authority or control over the activity causing the injury, thus enabling it to avoid or correct an unsafe condition" (*O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [1st Dept 2006]).

Plaintiff argues that Gotham[3] should be held liable under the statute on the basis that it was the general contractor on the project and created or had knowledge of the hazardous condition alleged.

Plaintiff has not established his entitlement to judgment as a matter of law on the issue of Gotham's liability under Labor Law § 200. Samtur acknowledged in his deposition that Gotham was responsible for supervising the performance of work by subcontractors (NYSCEF Doc No 116, 15:5-8); that Doko made daily visits to the jobsite (*id.* at 18:20-19:12); and that Gotham had the authority to stop work if any violations of safety regulations were discovered (*id.* at 27:14-18). Nonetheless, it is unclear whether Gotham had control over plaintiff's work as required to hold a general contractor liable (*O'Sullivan*, 28 AD3d at 226 [the record must show that "the general contractor[] supervised, controlled or directed the performance of plaintiff's job"]). As plaintiff's own testimony demonstrates, he had never heard of Gotham at the time of his accident (NYSCEF Doc No 114, 65:21-66:4), nor did he know which entity employed his only supervisor, Christian (*id.* at 64:6-13, 47:2-7) (*O'Sullivan*, 28 AD3d at 226 ["Plaintiff has admitted never speaking with or taking instructions from anyone other than his supervisor," who was also employed by the subcontractor]). Where, as here, an injury arises from the subcontractor's methods of performing the work (*Sotarriba v 346 W. 17th St. LLC*, 179 AD3d 599, 601 [1st Dept 2020]), to hold the general contractor liable, it must be shown that the general contractor "exercised *actual* supervision and control over plaintiff's activity, rather than possessing merely a general supervisory authority" (*Mitchell v N.Y. Univ.*, 12 AD3d 200, 200 [1st Dept 2004] [emphasis added]; *Vasiliades v Lehrer McGovern & Bovis, Inc.*, 3 AD3d 400, 401-02 [1st Dept 2004] [general contractor's "general supervision and coordination of the

---

[3] Plaintiff does not present an argument that 722 Metropolitan should be held liable under Labor Law § 200 and therefore summary judgment will not be granted as against it on this cause of action.

worksite was insufficient to trigger liability"]; *O'Sullivan*, 28 AD3d at 226 ["Absent any evidence that [the general contractor] gave anything more than general instructions as to what needed to be done, as opposed to how to do it, [it] cannot be held liable under Labor Law § 200"]). Thus, as there are questions of fact as to whether Gotham had actual control over plaintiff's work, it cannot be found liable as a matter of law (*Mitchell*, 12 AD3d at 200-01 [general contractor monitored subcontractor's work but "had no direct involvement in the performance of plaintiff's work," which was "admittedly overseen and directed by the subcontractor's personnel"]).

Moreover, "the proponent of a Labor Law § 200 claim must demonstrate that the defendant had actual or constructive notice of the allegedly unsafe condition that caused the accident, and such notice must "call attention to the specific defect or hazardous condition and its specific location" (*Mitchell*, 12 AD3d at 201). Here, plaintiff argues that defendant must have had notice of the dangerous condition because "Mr. Samtur testified that his site supervisor Mr. Doko was on the job site every day and conducted daily site walk-through inspections which were logged" (NYSCEF Doc No 103). This testimony raises a question of fact, and even if Doko noticed rebars stacked on the platform, it has not been established that he was on notice of the dangerous practice of Capstone employees climbing on top of the stacks (*Burton v CW Equities, LLC*, 97AD3d 462, 462 [1st Dept 2012] ["Whether [a party] had the requisite notice of the dangerous condition is an issue of fact raised by its principal's testimony that he visited the site approximately every other day"]).

Plaintiff has not met his prima facie burden of demonstrating entitlement to judgment as a matter of law, and accordingly, the portion of his motion seeking summary judgment on Gotham's liability on his Labor Law § 200 claim will be denied.

[* 7]

Labor Law § 241(6) Claim

Labor Law § 241(6) provides that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places" (Labor Law § 241[6]). In order to state a viable Labor Law § 241 claim, a plaintiff must allege that the defendant violated a specific standard of conduct under the Industrial Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]). Notably, the obligations imposed under Labor Law § 241 are non-delegable, meaning that once a plaintiff has established a violation, he need not demonstrate that the owner or general contractor exercised supervision or control over the worksite (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-49 [1998] ["section 241 (6) imposes liability upon a general contractor *for the negligence of a subcontractor*, even in the absence of control or supervision of the worksite"] [emphasis in original]).

Plaintiff relies on 12 NYCRR § 23-1.16, which governs the use of safety belts, harnesses, tail lines and safety lines, as the basis for his Labor Law § 241(6) claim. However, as even plaintiff seems to recognize (NYSCEF Doc No 103 ["there is no Industrial Code section addressing the complete failure to provide ladders or scaffolds for reaching materials stored at elevation"]), his "reliance on alleged violations of 12 NYCRR § [23-1.16] is misplaced" (*Dzieran v 1800 Boston Rd., LLC*, 25 AD3d 336, 337 [1st Dept 2006]). That section, "which set[s] standards for [safety belts and harnesses, does] not apply because plaintiff was not provided with any such safety devices" (*id.*; *Phillip v 525 E. 80th St. Condominium*, 93 AD3d 578, 579 [1st Dept 2012] [§ 23-1.16 "sets forth only the standards for the use of such devices . . .

and is inapplicable where, as here, defendant did not provide plaintiff with any such devices"]; *Cordeiro v TS Midtown Holdings, LLC*, 87 AD3d 904, 906 [1st Dept 2011] [where plaintiff fell from an elevated point, "Supreme Court properly dismissed plaintiff's Labor Law § 241 (6) claim to the extent it is based on 12 NYCRR 23-1.16, since plaintiff[] never alleged [that he] was given defective safety equipment"]).

Accordingly, since plaintiff's Labor Law § 241(6) claim is not based on an applicable Industrial Code provision, summary judgment on liability under this section will be denied.

Labor Law § 240(1) Claim

Labor Law § 240, known as New York's "Scaffold Law," requires that "[a]ll contractors and owners and their agents, … furnish or erect [ladders] and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." (Labor Law § 240[1]). "To prevail on a Labor Law § 240 (1) claim, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of the injury" (*Cutaia v Bd. of Mgrs. of the 160/170 Varick St. Condo.*, 38 NY3d 1037, 1042-43 [2022]). The protections of this section "do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (*Ross*, 81 NY2d at 501). Rather, the injury must be "attributable to the kind of extraordinary elevation-related risk that the statute was intended to guard against" (*Sihly v New York City Tr. Auth.*, 282 AD2d 337 [2001]). As with Labor Law § 241, the obligations imposed by this section are non-delegable (*Ross*, 81 NY2d at 500).

Plaintiff has met his prima facie burden by establishing that he was working at an elevated level (*Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 5 [1st Dept 2011] [four-foot-deep open pit at worksite constituted an elevation-related hazard]); defendants did not provide plaintiff with any safety device for the performance of this work (*Clavijo v Atlas Terms., LLC*,

104 AD3d 475, 476 [1st Dept 2013] [plaintiff entitled to summary judgment where defendant "failed to provide any safety devices"]); and plaintiff's injury was the direct result of a gravity-related risk (*Naughton v City of New York*, 94 AD3d 1 [1st Dept 2012] [finding Labor Law § 240(1) liability where defendant failed to provide a ladder, requiring plaintiff to climb on top of bundles of material on a flatbed truck, from which plaintiff fell]).

Accordingly, since 722 Metropolitan and Gotham failed to raise an issue of fact, or indeed oppose plaintiff's motion, that portion of plaintiff's motion seeking summary judgment on his Labor Law § 240(1) claim will be granted (*Pichardo v Urban Renaissance Collaboration Ltd. Partnership*, 51 AD3d 472, 472-73 [1st Dept 2008] [granting summary judgment in plaintiff's favor where "[d]efendants failed to set forth a conflicting theory . . . sufficient to raise a triable issue of fact"]; *Auriemma*, 82 AD at 5 ["Because the defendants have not raised an issue of fact with regard to a violation of the statute or whether the plaintiff was the sole proximate cause of his own injuries, partial summary judgment is granted in favor of the plaintiff."]).

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's motion for summary judgment on his Labor Law § 240(1) claim as against 722 Metropolitan and Gotham is granted, and it is further

ORDERED that plaintiff's motion for summary judgment is otherwise denied.

20240202110354PGOETZ18D17DA2F14EE433FBECEE7D6CD8A92A8

| 2/2/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |